Van Kirk v. Scott.

## John D. C. Van Kirk v. Robert S. Scott et al.

1. CONTRACTS—*In Writing, Not to be Varied by Parol.*—A contract in writing can not be varied or contradicted by parol, but a written instrument, to be a contract in writing, must set forth the undertakings of the parties to it so plainly, as to require neither parol testimony nor the promises or duties to ascertain the extent and force of the contract.

2. SAME—*What is a Contract, etc.*—A writing, to be a contract in writing, must set forth the undertakings of the parties so plainly as to require neither parol testimony nor the promises or duties which the law would imply from the facts stated in it, to ascertain its extent and force.

3. SAME—*The Writing, Evidence of What the Contract is.*—A written contract not under seal, is not the contract itself, but only the evidence of it; although where parties have deliberately reduced their contract to writing, such writing is the exclusive evidence of what the contract is.

4. SAME—*Written Contract Defined.*—A written contract is one which, in all its terms, is in writing.

5. SAME—*Partly in Parol and Partly in Writing.*—A contract partly in writing and partly oral is, in legal effect, an oral contract.

6. SAME—*To What the Rule Does Not Apply.*—Unless the instrument is a written contract within the meaning of the law, the rule that parol evidence is incompetent to vary or contradict its terms, does not apply.

**Memorandum.**—Assumpsit. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed April 30, 1894.

BRIEF OF PLAINTIFF IN ERROR, A. BURTON STRATTON,
ATTORNEY.

It is a well established principle of law, that the rule excluding parol evidence to vary the terms of a written contract, does not apply where the original contract was verbal and entire, and a part of it only reduced to writing. 1 Greenl. Ev. (15th Ed.), Secs. 275, 284; Browne on Parol Ev., Sec. 50; Jones Const. of Contracts, Sec. 130; Stephen's D. L. Ev., Art. 90; Taylor Ev., Secs. 1038, 1049; 2 Phillips Ev., 669, 670; Chitty on Contracts, Sec. 93.

A memorandum of a contract constitutes only one species of evidence of the existence and terms of an agreement; it may not constitute the entire, or only, or even the most direct and explicit proof. Wood v. Williams, 40 Ill. App. 118; Ludeke v. Sutherland, 87 Ill. 481; St. Clair Co. B. So. v. Feitsam, 6 Brad. 151; Bross v. C. & V. R. R. Co., 9 Brad. 363; Birt v. Gillett, 13 Brad. 369; Covel v. Benjamin, 35 Ill. App. 299; Ruff v. Jarrett, 84 Ill. 475; Plumb v. Campbell, 129 Ill. 106; Peterson v. C. R. I. & P. Ry. Co., 80 Ia. 92; 7 Am. & Eng. Enc. L., pg. 91 and cases cited.

Parol evidence is competent to show the circumstances surrounding the making of the contract. Browne on Parol Ev., 126; Taylor on Ev., Sec. 1194; Jones on Const. C. & T. Cont., Sec. 81; Stephen's D. L. of Ev., Art. 91; Robinson v. Stow, 39 Ill. 572; Vermont St. M. E. Ch. v. Brose, 104 Ill. 206; Wilson v. Root, 119 Ill. 379; Thomas v. Wiggers, 41 Ill. 470; Doyle v. Teas, 4 Scam. 202; Turpin v. B. & O. Ry. Co., 105 Ill. 11; Murray v. Strang, 28 Ill. App. 608; Home N. Bk. v. Waterman, 30 Ill. 548.

Parol evidence is also competent to show customs and usages, by which incidents not expressly mentioned in the contract are annexed to it, unless the annexing of such incidents would be repugnant to, or inconsistent with the express terms of the contract. 7 Am. & Eng. Enc. L., 91; Dixon v. Dunham, 14 Ill. 324; Home Ins. Co. v. Favorite, 46 Ill. 263; Lonergan v. Stewart, 55 Ill. 44; Doane v. Dunham, 79 Ill. 131; N. S. Life Ins. Co. v. Advance Co., 80 Ill. 549; Lyon v. Blair, 83 Ill. 33; Gilbert v. McGinnis, 114 Ill. 31; Older-

shaw v. Knoles, 4 Brad. 63; Everingham v. Lord, 19 Brad. 565.

Parol evidence is also competent to show the existence of any separate oral agreement, as to any matter on which a document is silent and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole transaction between them. Morgan v. Griffiths, L. R., 6 Ex. 70; 7 Am. & Eng. Enc. L., pg. 91; Stephen's Dig. Ev. (Am. Ed.), Sec. 163; Jones Const. Cont., Sec. 130; Browne on Parol Ev., 128–129; Bradshaw v. Combs, 102 Ill. 428; Norman v. Waite, 30 Neb. 302; Ball v. Benjamin, 73 Ill. 39; 1 Greenl. Ev., Sec. 284a; 17 Am. & Eng. Enc. L. pg. 435; Brent v. Bk. Metropolis, 1 Pet. 92; Donlin v. Daegling, 80 Ill. 608; Sharkey v. Miller, 69 Ill. 560; Mauran v. Bullus, 16 Pet. 528.

Particularly is such evidence competent, if the separate, oral agreement, sought to be proven, constitutes a condition precedent to the execution of the contract.  17 Am. & Eng. Enc. L. 443; Norman v. Waite, 30 Neb. 302; 7 Am. & Eng. Enc. L. 91; Stephen's Dig. Ev., Sec. 163; Taylor Ev., Sec. 1038.

Parol evidence is also competent to show the meaning of any abbreviation, or technical expression, used in the contract.  Jones Const. Cont., 91; Browne on Parol Ev., 116.

BRIEF OF DEFENDANTS IN ERROR, DUNCAN & GILBERT, ATTORNEYS.

Defendants in error contended that the contract in question had been reduced to writing, and could not be varied or contradicted by parol proof.  Orr v. Ward, 73 Ill. 318; Goodrich v. Van Nortwich, 431 Ill. 445; Furnace Co. v. Glasscock, 60 Am. Rep. 748; Hart v. Hart, 22 Barb. 606; Spring v. Ansonia Clock Co., 24 Hun, 175.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The plaintiff in error had worked for the defendants in

error, who are merchants in Chicago, twelve successive years next preceding January, 1891, and in December, 1890, entered into an agreement with them for a further service as salesman, under which he entered upon a new term of service for them, beginning January 1, 1891.

A written memorandum concerning that agreement was produced by the defendants in error, during the examination of the plaintiff in error as a witness in his own behalf, while the cause was on trial, which was as follows:

"1891. Will draw at the rate of $3,750 per annum. If J. D. C. V. incapacitates himself for business by intemperance, his salary will be stopped until he shows himself to be fully recovered and fit for business to the satisfaction of C., P., S. & Co.

J. D. C. Van Kirk."

On January 13, 1891, the plaintiff in error was discharged from further employment by the defendants in error, "owing to the manner in which you have conducted yourself in the past," as expressed in their letter to him.

Suit was brought upon the contract for damages for its breach, and a verdict for the defendants was returned by direction of the court.

The first assigned error is the refusal by the court to admit proper evidence offered on behalf of the plaintiff.

The plaintiff offered to show that the written memorandum was but a partial expression of the agreement between the parties, and to prove what was the agreement with reference to matters not therein expressed, or so imperfectly expressed as to require explanation or interpretation, to ascertain what the real contract was.

The circuit judge held that the memorandum, being in writing, and testified to by the plaintiff in error as being the agreement he made with the defendants in error, and under which he entered upon their service at the beginning of 1891, was complete and conclusive between the parties, and could not be varied or contradicted by parol, and, accordingly, excluded all evidence offered by the plaintiff in error which would tend to show other things than what the

Van Kirk v. Scott.

memorandum expressed, as being within the intention and meaning of the parties.

The first question, therefore, is as to the correctness of such ruling.

Looking at the memorandum itself, does it purport on its face to be a complete contract?

What are the mutual undertakings of the parties? Who are the parties to perform and what is to be done? Who is to draw $3,750? Is that sum the limit of compensation? Who are meant by the initials? Do the figures "1891" indicate the date of the instrument, or something else? Is the "salary" to be stopped under the specified circumstances indicated by the sum to be drawn?

These questions, although not embracing all that might be asked, are sufficient to show that the memorandum, unaided by other evidence, is totally incapable of interpretation or of enforcement. Supposing that the parties to this cause were reversed, would anybody pretend that the defendants in error could maintain an action against the plaintiff in error for a breach of contract, with no other evidence of what the contract was than this memorandum?

There is no question made, but that a valid agreement was entered into between the parties, but its terms, and if in writing as a written contract, are in dispute.

"A written instrument, to be a contract in writing, must set forth the undertakings of the parties to it so plainly as to require neither parol testimony nor the promises or duties which the law would imply from the facts stated, to ascertain the extent and force of the contract." Illinois Central R. R. Co. v. Miller, 32 Ill. App. 259.

"It should be borne in mind that a written contract, not under seal, is not the contract itself, but only evidence—the record of the contract." Wake v. Harrop, 6 Hurl. & Norm. 768.

Although where parties have deliberately reduced their contract into writing, such writing is doubtless the exclusive evidence of what the contract is. Memory v. Niepert, 131 Ill. 623.

"A written contract is one which, in all its terms, is in writing. A contract partly in writing and partly oral is, in legal effect, an oral contract." Bishop on Contracts, Secs. 163, 164; Memory v. Niepert, *supra.*

Judged by the authorities, can it be said that the memorandum introduced in evidence constituted a written contract complete in all its terms? We think not.

"The test of the completeness of the writing proposed as a contract, is the writing itself. If this bears evidence of careful preparation, of a deliberate regard for the many questions which would naturally arise out of the subject-matter of the contract, and if it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions. If, on the other hand, the writing shows its informality on its face, there will be no presumption that it contains all the terms of the contract. In every case, therefore, the writing must be critically examined in the light of its surrounding circumstances with a view of determining whether it is a memorial of the transaction." Jones on Construction of Commercial Contracts, Sec. 134.

In Eighmie v. Taylor, 98 N. Y. 288, it is said: "The writings which are protected from the effect of contemporaneous oral stipulations, are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions. If, upon inspection and study of the writing read, it may be, in the light of surrounding circumstances, in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagement, it constitutes the contract between them, and is presumed to contain the whole of the contract."

But "where the writing does not purport to disclose the contract or cover it; where, in view of its language read in connection with the attendant facts, it seems not designed

as a written statement of an ageeement, but merely as an execution of some part or detail of an unexpressed contract; where it purports only to state one side of an agreement merely, and is the act of one of the parties only, in the performance of his promise; in these and the like cases the exception may properly apply, and the oral agreement be shown."

Looking to the written memorandum, therefore, to gather its scope and meaning, there is to be found but a single element of whatever contract the parties may have made, that is complete and does not require extrinsic aid, and that is the provision in reference to the plaintiff incapacitating himself for business by intemperance. And we think it is quite clear that the memorandum was made without any intention that it should contain any evidence of what the agreement was, beyond the protection to the defendants against the intemperance of the plaintiff.

Everything else rests upon conjecture, in the absence of other evidence, unless it may be that the $3,750, which somebody may draw at some time, and in some proportion, during a year, may be said to express the salary alluded to further on in the writing. But even as to that, how can one say that the mentioned sum does not relate to, and embrace, in addition to salary, such expenses as are not infrequently allowed to salesmen for traveling and entertaining?

The fact that the plaintiff in error testified that the memorandum expressed the contract he made, and went to work under, which is urged as a justification for the exclusion of the offered parol evidence, does not excuse the rejection of all the evidence that was offered and excluded.

It is very apparent from the record that he did not mean to testify that the memorandum contained all that was agreed upon, but that adding to it what he himself knew, it constituted the agreement.

It is common experience in court that witnesses speak of writings, only, as contracts. That there was something not included in his answer that the writing was the only agreement, is clear enough from the fact that he testified to

some matters as being a part of the agreement, which are not expressed or alluded to in the writing.

He did also undertake to testify as to the amount of salary he was to get, but was interrupted by the court, and stopped with the remark "that is in there," alluding to the writing.

In conclusion, we are of opinion that such error was committed in the exclusion of such evidence as was offered, as was necessary to show what the whole contract between the parties was, as demands a reversal and remanding of the cause, and it is so ordered.