# Penn=American Plate Glass Co., Plaintiff in Error, v. John B. Hawes and John M. Dodd, Defendants in Error.

## Gen. No. 16,533.

1. CONTRACTS—*when parol evidence competent to supplement writings.* Where letters are not in themselves so complete as to constitute a complete written contract parol evidence is competent to supplement them. In this case, *held,* that it was competent to show that a sale was made by sample.

2. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Assumpsit. Error to the Superior Court of Cook county; the' HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed May 9, 1912.

DANIEL W. SCANLON and JOHN W. LOVETT, for plaintiff in error; HERMAN P. HAASE, of counsel.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for defendants in error; DON K. JONES, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

The Penn-American Plate Glass Co., a corporation, plaintiff in error and hereinafter called plaintiff, brought suit in the Superior Court of Cook county to recover from John B. Hawes and John M. Dodd, copartners, doing business as Hawes & Dodd, defendants in error and hereinafter called defendants, the sum of $475 for certain glass, called "novus" glass. Plaintiff's declaration consisted of the common counts, to which defendants pleaded the general issue. Subsequently defendants filed a plea of set-off, from the bill of particulars of which it appeared that defendants claimed damages in the total sum of $121.96 for time,

material and expenses in setting certain other "novus" glass, ordered by defendants of plaintiff, in the residence of one Joseph Schaffner, Chicago, which glass proved defective and was rejected, and for time, material and expenses in connection with the glass, for which plaintiff brought this suit, delivered to the J. I. Case Manufacturing Co., at Racine, Wisconsin, and which was also rejected as being defective. The cause was submitted to the court for trial without a jury, and after a full hearing the court found the issues for the defendants as to plaintiff's claim, and as to defendants' claim of set-off found the issues for the defendants and assessed defendants' damages at the sum of $83.31. Judgment was entered on the finding, to reverse which this writ of error was sued out.

It appears from the evidence that plaintiff was engaged in the manufacture of glass at Alexandria, Indiana, with branch office at Pittsburg, Pennsylvania, and that defendants were glass, tile and mantel contractors in Chicago; that defendants had contracted to finish a toilet room in the office of said Case Company and had ordered the glass in controversy from plaintiff for installation in that room; that there was no dispute as to the quantity of the glass delivered nor as to the price to be paid therefor; that plaintiff was desirous of having defendants use "novus" glass in their future contracts with their customers, and to that end a representative of plaintiff gave defendants a sample of said glass to put in defendants' show room, where the same might be seen by said customers; that this sample was submitted to the architect of said Case Company and he O. K.'d and initialed it, and that when the glass was subsequently delivered at the Case Company's plant it was examined by the architect and rejected by him because the glass was not of uniform color and was otherwise defective.

In urging this court to reverse the judgment, counsel for plaintiff contend that two letters, which were

introduced in evidence, one dated January 6, 1905, from the plaintiff to defendants, and one dated January 7, 1905, from defendants to plaintiff in answer thereto, constitute the contract in reference to the glass in question; that nothing in said letters reveals the fact that a sample was used in making the sale, and that therefore parol evidence was inadmissible to show that the sale was in fact made by sample. We cannot agree with this contention. We do not think said letters are so complete in themselves as to constitute a complete written contract within the rule as to parol testimony. It does not even appear from the letters what the subject-matter of the contract was. No mention is made of "novus" glass. Furthermore, the subsequent correspondence between the parties discloses the fact that plaintiff knew that a sample had been submitted to said architect and that he in turn had submitted it to the officials of the Case Company. We think the court did not err in admitting the verbal testimony as to the sale being made by sample. As is said in Stoops v. Smith, 100 Mass. 63, 65:

"The principle of law is clear and well settled, that the obligation of a written contract cannot be abridged or modified by or made conditional upon another preceding or contemporaneous parol agreement, not referred to in the writing itself. * * * But it is equally well settled that, for the purpose of applying the terms of the written contract to the subject matter, and removing or explaining any uncertainty or ambiguity which arises from such application, parol testimony is admissible, and has a legitimate office. For this purpose, all the facts and circumstances of the transaction out of which the contract arose, including the situation and relations of the parties, may be shown. * * * The subject matter of the contract may be identified by proof of what was before the parties, by sample or otherwise, at the time of the negotiation."

"A written instrument, to be a contract in writing, must set forth the undertakings of the parties to it so plainly as to require neither parol testimony nor the promises or duties which the law would imply from the facts stated, to ascertain the extent and force of the contract." Van Kirk v. Scott, 54 Ill. App. 681, 685; Illinois Central R. R. Co. v. Miller, 32 Ill. App. 259.

In Fuchs & Lang Co. v. Kittredge & Co., 242 Ill. 88, 94, it is said:

"A separate parol agreement as to any matter not inconsistent with the terms or legal effect of the written agreement, and on which it is silent, may be shown, where it appears that the written instrument was not intended to be a complete and final statement of the whole transaction between the parties. * * * Whether the letter in question was intended by the parties as a complete and final statement of the whole agreement between them was a question to be determined by the court from the circumstances of the case."

It is further contended by counsel for plaintiff that the finding of the trial court is manifestly against the weight of the evidence, in that the evidence shows that the glass delivered to defendants was good, merchantable "novus" glass. It will serve no good purpose for us here to mention the conflicting testimony on this question. Suffice it to say that we are of the opinion that the finding of the court was not against the manifest weight of the evidence.

The judgment of the Superior Court is affirmed.

*Affirmed.*