## MRS. B. GRAHAM AND ANDREW J. GRAHAM

### v.

### ANNIE M. SADLIER ET AL.

*Instructions.*

The credibility of a witness is a question of fact for the consideration of the jury, in regard to which a given court is prohibited from expressing an opinion.

[Opinion filed December 8, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. JOHN E. DALTON and SAMUEL J. LUMBARD, for appellants.

Mr. LAWRENCE M. ENNIS, for appellees.

Graham v. Sadlier.

Mr. Justice Gary.   The appellees sued the appellants to recover a balance claimed on an account for books sold, and the question in the case was as to the amount.

It may be admitted that statements made by Andrew J. Graham before the trial, were inconsistent with his testimony on the trial, but what sum the appellees are entitled to recover is not so clear that a serious error, which may have had the effect of increasing the amount of the verdict, can be disregarded.

At the request of the appellees, and plainly aimed at the said Andrew, the court gave this instruction:

" The court instructs the jury that if they believe from the evidence that the defendant or any witness, before testifying in this case, has made any statements out of the court concerning any of the material matters involved herein, materially different and at variance with what he has stated on the witness stand, then the jury are instructed by the court that these facts tend to impeach either the recollection or the truthfulness of the witness, and the jury should consider these facts in estimating the weight which ought to be given to his testimony."

There may be inconsistency in the law that it is for the court to determine what testimony shall be admitted, when the only purpose of it is to impeach; and that it is only for the jury to say, after such testimony is in, whether it does tend to impeach; but under the rule that the credibility of witnesses is a question " of fact, and for the jury, and in regard to which the court is equally prohibited from expressing an opinion, as in regard to any other question of fact " (Johnson v. People, 140 Ill. 350), such an instruction is error. In effect the instruction is like those condemned in Shaw v. People, 81 Ill. 150, and Clevenger v. Curry, 81 Ill. 432.   And see Road Co. v. People, 96 Ill. 584.   The cases are too numerous to cite.

In any of the digests, wherever Clevenger v. Curry is cited, will be found many others.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*