MRS. B. GRAHAM et al.

v.

ANNIE M. SADLIER.

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. LAW AND FACT—*construction of a written instrument is for the court.* Whether a written contract creates the relation of principal and agent between the parties thereto, or that of vendor and purchaser, is a question of law for the determination of the court.

2. PRINCIPAL AND AGENT—*written authority of agent cannot be enlarged by proof of usage.* Where a written contract authorizes an agent to do certain things, the power to do other things not mentioned in the contract of agency cannot be established by proof of usage among other like agents.

3. CONTRACTS—*letters leading up to a written contract are merged therein.* Where parties reduce previous negotiations to a written contract, such contract is the final consummation of their negotiations and the exact expression of their purpose, and all letters containing such negotiations are merged therein.

*Graham* v. *Sadlier*, 60 Ill. App. 522, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

JOHN E. DALTON, and SAMUEL J. LUMBARD, for appellants.

LAWRENCE M. ENNIS, (ENNIS & COBURN, of counsel,) for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of assumpsit, brought by appellee against appellants to recover a balance claimed to be due on account of school books sold by appellee to appellants. The declaration contains the common counts only; and the plea was the general issue. The account

sued upon is very long, and contains numerous items of debits and credits extending through a period of more than two years. The first trial of the case resulted in a verdict and judgment in favor of appellee for $2370.91. Upon appeal to the Appellate Court this judgment was reversed, and the cause was remanded for another trial. The opinion of the Appellate Court, thus reversing and remanding, is reported as *Graham* v. *Sadlier*, 46 Ill. App. 440. The second trial before the court and jury resulted in a verdict and judgment in favor of the appellee for the sum of $1967.57. This judgment has been affirmed by the Appellate Court, and the present appeal is prosecuted from such judgment of affirmance.

All the questions of fact are settled by the judgment of the Appellate Court.

It is assigned as error, that the court so far modified one of the instructions asked by the appellants, as to tell the jury that a certain contract introduced in evidence and dated July 1, 1886, between the appellee and the appellants did not make the appellants agents of the appellees. We see no error in the instruction. The contract was in writing, and its construction was a matter for the court. If the question was fairly involved as to whether the language of the contract created the relation of principal and agent or the relation of vendor and purchaser between appellee and appellants, it was the province of the court to so construe the contract as to determine whether the goods shipped to the appellants were shipped to them as agents of the appellee, or as her vendees. It is not claimed, that the court did not correctly construe the contract; for counsel for appellants say in their brief: "That the literal translation or reading of that contract did not prove an agency is too clear for serious contention." But the objection seems to be, that it was not left to the jury to say whether or not an agency was thereby created. Such is not the law, as applicable to written contracts generally, nor as appli-

cable to a written contract of the character of the one here under consideration.

"What a contract means is a question of law. It is the court, therefore, that determines the construction of a contract.  *  *  *  They (the court) give to the jury, as matter of law, what the legal construction of the contract is, and this the jury are bound absolutely to take." (2 Parsons on Contracts,—8th ed.—marg. p. 492). In approving of this doctrine it was said by PARKE, B., in *Neilson* v. *Harford*, 8 M. & W. 806: "Unless this were so, there would be no certainty in the law; for a misconstruction by the court is the proper subject, by means of a bill of exceptions, of redress in a court of error; but a misconstruction by the jury cannot be set right at all effectually."

So, this court held, in *Chickering* v. *Bastress*, 130 Ill. 206, that the question whether a written agreement between parties constituted a contract of bailment of goods, or was designed to cover a sale on which the vendor's lien might be preserved, was a pure question of law, to be determined by the court upon a construction of the instrument, fairly considering all its provisions, with the view of finding therefrom what was the real intention of the parties. (See *Hervey* v. *R. I. L. Works*, 93 U. S. 664; *Murch* v. *Wright*, 46 Ill. 487; *Heryford* v. *Davis*, 102 U. S. 235.)

Where written authority to an agent confers power upon him to do certain things, power to do certain other things thereunder cannot be established by showing a usage to that effect among agents of the like sort, parol evidence not being admissible to control or enlarge the language of the written authority, and the rule being that "the construction of a written instrument, whether mercantile or otherwise, is for the court, and not for the jury." (Story on Agency, 9th ed. sec. 63, note 4; Lloyd's Notes to Paley on Agency, (3d ed.) p. 198; *Gibney* v. *Curtis*, 61 Md. 192).

Whether a contract creates an agency or provides for a conditional sale, and whether it creates the relation of

165—7

principal and agent or the relation of vendor and purchaser, are questions of construction to be determined by the court. (*Bayliss* v. *Davis*, 47 Iowa, 340; *Eldridge* v. *Benson*, 7 Cush. 483; *Robinson* v. *Easton*, 93 Cal. 82).

It is also claimed, that the trial court erred in refusing to admit in evidence two letters dated respectively February 24, 1885, and September 28, 1885. We cannot see that these letters were material, as they referred to transactions prior in date to any of the items in the bill of particulars attached to the declaration; and so far as they had reference to matters affected by the contract of July 1, 1886, their contents were merged into and supplanted by that contract. When parties, after whatever previous preparation, reduce their agreement to writing, such written agreement is "the final consummation of their negotiation, and the exact expression of their purpose." What has preceded it, if not incorporated into it, is regarded as intentionally rejected. (2 Parsons on Contracts,—8th ed.—marg. p. 548).

It is further urged, that the trial court erred in permitting one of the witnesses called upon the rebuttal, to say that he had seen boxes of goods that had been shipped to appellants, or were about to be shipped away by them, standing on the sidewalk in front of their store, open, and with some of the goods resting on the boxes and some of them out of the boxes, and that these goods would be thus left in this condition. The testimony was not of much importance, but, as appellants claimed a shortage and that some items of goods were charged to them which they did not have, it may have tended to show a loss of some of the books by a too careless exposure of them. As, however, it abundantly appears from the testimony that the appellants were allowed about all the credits claimed by them, it could not make any difference what particular cause gave rise to the demand for such credits. Owing to the strenuous insistence of counsel for appellants that the verdict has done them "a most substantial

wrong," we have read the abstract of the testimony very carefully, and we are satisfied that the evidence justifies the verdict, and, indeed, that it would have warranted a larger verdict.

The judgments of the Appellate and circuit courts are affirmed.                  *Judgment affirmed.*