## McCormick Harvesting Machine Co. v. Frank Laster, John T. Barnett, Wm. J. Rice, J. S. Wycough and D. F. Sandusky.

1. DEPOSITIONS—*When They May be Properly Used as Evidence.*— All depositions, so long as they are on file in the office of the clerk of the court, when properly taken and containing evidence pertinent to the issue, may properly be used as evidence on the trial.

2. SAME—*When They May be Used by the Adverse Party.*—Where a party takes a deposition and places it on file, if he fails or refuses to read it himself and does not withdraw it from the files by proper leave of the court, it may be read by the opposite party.

3. SAME—*When a Witness May be Impeached by the Party Taking His Deposition.*—Where a deposition is introduced and read on a trial by the opposite party, the party whose deposition is taken becomes the witness of such opposite party and as such may be impeached by the party originally taking his deposition.

4. INSTRUCTIONS—*Not to Commit the Construction of a Contract to the Jury.*—An instruction which in any degree commits the construction of a contract to a jury, is erroneous.

5. CONTRACTS—*Performance—When to be Left to the Jury.*—The question of performance of a contract should not be left to the jury without a construction of the contract by the court.

McCormick Harvesting Machine Co. v. Laster.

**Debt,** on bond. Trial in the Circuit Court of Hamilton County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Verdict and judgment for defendants; appeal by plaintiff. Heard in this court at the August term, 1898. Reversed and remanded. Opinion filed March 10, 1899.

JOHN C. EDWARDS and T. M. ECKLEY, attorneys for appellant.

STELLE, WALKER & CROSS, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in debt, in the Circuit Court of Hamilton County, upon a bond executed by appellees to appellant. The bond is set out *in haec verba* in the declaration. This case was before the court at a previous term, on demurrer to the declaration. The declaration was held sufficient, and the cause reversed and remanded, for the error of the Circuit Court in sustaining the demurrer. In the opinion, which appears in Vol. 70 of the Reports of Ill. App. Court, at page 425, the bond is discussed and the law applicable to certain clauses thereof laid down. After the cause was remanded, appellees filed, to the declaration, two pleas: *Nil debit*, and the general performance.

Trial was by jury. Verdict and judgment in favor of appellees.

Appellant urges as grounds for reversal, that the court admitted improper evidence on behalf of appellees; that the court refused to give proper instructions asked by appellant; that the court erred in giving the instructions on behalf of appellees, and that the verdict is against the weight of the evidence.

On the 18th day of January, 1892, appellant entered into a contract with Frank Laster, one of the appellees, by the terms of which Laster was to act as the general agent for appellant at Kansas City, Missouri, for the sale and delivery of harvesting machines, wires and extras, for the appointment of sub-agents, for the collection of money, and for the performance of any other duties which might be entrusted

to him by virtue of such agency. Upon the reverse side of the paper on which the contract was printed and written and signed, was printed and written the bond sued on in this case. The penalty in the bond is $10,000, and it was executed by Laster and his co-appellees on the 4th day of October, 1892. The conditions of the bond were as follows:

" Whereas, Frank Laster, on the 18th day of January, 1892, entered the service of the McCormick Harvesting Machine Company as agent for them, as shown in a contract of appointment and conditions hereto annexed, now, therefore, if the said Frank Laster shall well and faithfully discharge all his duties, pertaining to the said service, so long as he shall continue in their service, whether under the contract this day made with them, or any subsequent contract, and shall remit to them promptly, as they may direct, all money collected or received by him by virtue of said service, and shall, whenever thereunto required, make and give a just and true account of all moneys, property and other things which shall have come into his possession, custody or charge, by virtue of said contract hereto annexed, and made a part hereof, then this obligation to be void, otherwise to remain in full force and effect."

The declaration alleges as breaches: That Laster did not well and faithfully discharge all his duties pertaining to said service; that by virtue of said service he received large sums of money belonging to appellant, and did not remit to appellant, as directed, all money collected and received by him by virtue of said service, and did not, when required, make a true and just account of all moneys, property and other things which came into his possession, custody and charge, by virtue of his said agency; and the declaration alleged that the bond secured the conduct of Laster, covering the entire period of service, from the date of the contract, January 18, 1892, to the 15th day of February, 1894. When the case was previously before this court, we held that the sureties on the bond in question are bound for the faithful performance of the contract of date January 18, 1892, from and after the 4th day of October, 1892, the day of the execution of the bond, and that they are also bound

for the faithful performance of all subsequent contracts entered into between the parties for the continuation of the agency.

Upon the trial appellant produced in evidence the contract of January 18, 1892, the bond sued on, three subsequent contracts entered into between the parties for the continuance of the agency, and a ledger account of said Laster as such agent, which was signed by him, and his final report also signed· by him. Both the ledger account and the final report showed a balance due from Laster to appellant. This made a *prima facie* case in favor of appellant.

Appellees produced in evidence among other depositions, that of John J. Schappert, a bookkeeper under Laster, at Kansas City. This deposition was taken by appellant, but appellant failed to put it in evidence, and the court permitted appellees to do so. This was correct, under the authority of Adams v. Russell, 85 Ill. 285, where it is said.: "It has been always understood, that when one party takes a deposition, unless he obtains leave before the trial and withdraws it, if he fails or refuses to read it, the other party may introduce it. All depositions, so long as they are on file in the clerk's office, when properly taken and containing evidence pertinent to the issue, may properly be used as evidence on the trial." But by introducing the evidence of Schappert, appellees made him their own witness, as much so as if they had called him from the bystanders and examined him in person, or as if appellees themselves had first moved in the matter of taking his deposition. So conclusively did this make him the witness of appellees, that after they put in his deposition, appellant might have introduced evidence to impeach him. Richmond v. Richmond, 10 Yerg. (Tenn.) 343; Cudworth v. The S. C. Ins. Co., 4 Rich. 416.

Appellees offered, and the court admitted, over appellant's objection, the deposition of Samuel H. Davis. In this deposition Davis says, " Mr. Laster and myself met Mr. Schappert in Kansas City.  *  *  *  Schappert said that Laster was not to blame for any shortages, as he knew nothing of them."

"I met Mr. Schappert  *  *  *  one day after the other conversation. He  *  *  *  said he was very sorry that this happened; that Laster was entirely innocent of anything of the kind, and that he was to blame for all of it himself." The deposition of A. C. Barnett, to the same effect as that of Davis, was admitted, and appellee Frank Laster was allowed to testify to a number of such statements and admissions made by Schappert. The admission of this testimony was error. It could not be received for the purpose of contradicting or impeaching Schappert, for he was appellees' own witness, nor could it be received as an admission, for Schappert was not a party to the suit, and never at any time had authority to make any admissions of the character shown by this evidence, that would in any way bind appellant. The court also permitted appellees to introduce in evidence a deposition of Schappert taken some time prior to the one above discussed, which deposition contained only the statement of Schappert, that under the advice of his attorney he declined to answer any questions relating to the difference between Frank Laster and McCormick Harvesting Machine Company, for the reason that he was under indictment charged with embezzling the fund of said company and had not been tried, and the court admitted a certified record of criminal proceedings, in the State of Missouri, against Laster and Schappert, showing that they were both indicted for embezzlement of certain moneys of appellant, presumably the same sued for in this case. This deposition of Schappert and the record were not competent, under the issues and state of the evidence in this case, for any purpose.

The first of appellant's refused instructions is substantially correct, pertains to an issue in the case, is supported by the evidence and ought to have been given. The second of appellant's refused instructions, in the broad sense in which it would probably have been understood by the jury, is not the law, and was properly refused.

The court gave on behalf of appellees ten instructions. None of them, in the form in which they appear in this

McCormick Harvesting Machine Co. v. Laster.

record, should have been given. While each is subject to just criticism, in respects peculiar to itself, they all, except the second and fourth, have one common vice: each leaves it, in a greater or less degree, to the jury to construe the contracts and bond.

In this case it was the duty of the court, and of the court alone, to construe the contracts and bond, and give meaning to the words and terms used in them. Streeter v. Streeter, 43 Ill. 155; Estep v. Fenton, 66 Ill. 467; Graham v. Sadlier, 165 Ill. 95.

The question of performance of a contract should not be left to the jury without a construction of the contract by the court. Keeler v. Herr, 157 Ill. 57. As none of these instructions except the second and fourth ought to have been given at all, in any form, under the state of case existing when they were given, it is unnecessary to discuss the defects and vices peculiar to each.

The subject-matter of the second and fourth instructions was proper to be given to the jury under the state of pleading and evidence existing, but the second should have been qualified by "unless you believe from the evidence that such default of Schappert was knowingly permitted by said Laster," or by some equivalent language. The fourth leaves it for the jury to determine what are the "issues essential to plaintiff's case." It is for the court, and not the jury, to determine what are material issues in a case, and it is error for a court to give an instruction concerning the "essential" or material issues in the case, without, in such instruction or in some other instruction in the case, stating what the "essential" or material issues are, or by reference or otherwise directing the attention of the jury to such statement.

As this case must be reversed and remanded for the purpose of a new trial, and will probably be submitted to another jury, we purposely refrain from any discussion of weight of the evidence. The judgment of the Circuit Court is reversed and the cause remanded.