## J. V. Mennis et al. v. E. N. Manning and Company,

### Gen. No. 4,822.

1. CONTRACT—*how character of, determined.* In determining the real character of a contract, courts will look to its purpose rather than to the name given to it by the parties.

2. VENDOR AND VENDEE—*when contract creates relation of.* Held, that the contract in question in this case, created the relation of vendor and vendee and not that of principal and agent.

Assumpsit.  Appeal from the Circuit Court of DeKalb County; the Hon. CHARLES A. BISHOP, Judge, presiding.  Heard in this court at the April term, 1907.  Affirmed.  Opinion filed October 10, 1907.

H. W. PRENTICE, for appellants.

CARNES, FAISSLER & COCHRAN, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of DeKalb county rendered upon the verdict of a jury in favor

of appellee in a suit brought on a contract of guaranty for merchandise sold to Earl S. Hungerford.

Appellee is an Illinois corporation engaged in the business of selling teas, coffee, spices and other similar goods. On July 23, 1904, it entered into a contract with Earl S. Hungerford, whereby the said Hungerford was to receive goods from appellee and to sell them to persons who wished to buy. Appellants signed a contract of guaranty with appellee wherein they guaranteed to the appellee the payment of goods sold by it to Hungerford up to the amount of $400. Hungerford would solicit orders for goods from persons in the vicinity of Dixon, Illinois, and then order from appellee such goods as he needed to fill the orders. Upon the arrival of the goods he would deliver them to his customers and receive the payment therefor. He was to remit to appellee within ten days from date of arrival of shipment of goods. He transacted business for two or three months and then turned over the business to another person sent by appellee for that purpose. Before and at the time of his turning over the business to his successor, he was behind in his payments to appellee. Negotiations for a settlement were had between appellee and the guarantors and, during the negotiations, appellee claimed that the guarantors agreed to pay $350 in settlement, but this was denied by appellants. Suit was brought on the contract of guaranty and the jury returned a verdict for $307.80 in favor of appellee. A motion for a new trial was denied, judgment was entered on the verdict and this appeal was taken.

The errors relied upon by counsel for appellants for the reversal of this judgment are stated as follows: that the record does not disclose that Hungerford had not paid any balance due appellee; that certain goods delivered by one Hocking to Hungerford was not a sale from appellee to Hungerford and, therefore, not within the contract of guaranty; that the transactions between appellee and Hungerford were not sales and therefore not within the contract of guaranty.

The objection that the record does not disclose that Hungerford had not paid any balance due appellee is not well

taken for the reason that, not only did witnesses for appellee testify as to the balance due from Hungerford and the statements attached to exhibits in evidence show a balance due as well, but appellants' own witnesses testified both in regard to the balance due and the dispute as to the promise to pay that balance and the amount thereof.

The objection that certain goods on orders numbers 875, 881 and 884 were never sold by appellee to Hungerford because the same goods had once been sold to one E. J. Hocking is without merit. Counsel for appellants argues that the goods, having been once sold to Hocking, for that reason could not be sold to Hungerford by appellee. Appellee had the right to make any arrangement it chose or could make with Hocking as to the goods, and he is the only one who could complain that the goods were turned over to Hungerford. It is no concern of Hungerford's or appellants that these goods were first sold to Hocking. The goods were in good condition and were delivered to Hungerford by Hocking under the direction of appellee. It is not claimed that Hungerford ever paid Hocking for these goods or that he ever thought himself obligated to anyone but appellee for the goods. It would have been a useless and expensive thing to have had these goods shipped back to Chicago by Hocking and then reshipped by appellee to Hungerford. Hungerford received the goods and kept them and O. K'd their receipt to appellee, so there certainly was a sale of them, and they came within the contract of guaranty.

The last objection assigned, and the most important and upon which our decision must rest, is as to the character of the transactions under which appellee and Hungerford dealt. Appellants' counsel contends that Hungerford was merely the agent of appellee, and that his custody of the goods was merely a bailment and not within the contract of guaranty, which only provided for the guaranty of sales, while counsel for appellee maintain, as the trial court held, that the transactions were sales and consequently within the contract of guaranty. Whether the relation between appellee and Hungerford is that of vendor and vendee is a question of law for.

the court, construing the contract of appointment, the correspondence and the methods of carrying on the business between them with a view of finding out what was the real intention of the parties. Chickering v. Bastress, 130 Ill., 206; Graham v. Sadlier, 165 Ill., 95. The contract of appointment contains numerous words and phrases found in agency contracts but this does not make it one. The courts have frequently said that, "In determining the real character of a contract, courts will always look to its purpose rather than the name given to it by the parties." Murch v. Wright, 46 Ill., 487–488; Peoria Mfg. Co. v. Lyons, 153 Ill., 427.

There is no contention that the goods delivered by appellee were to be returned. Hungerford was certainly only required to return the money value of the goods. He therefore became a debtor for the goods and the title to them vested in him, and the transaction became a sale. Lonergan v. Stewart, 55 Ill., 49. The fact that Hungerford was to remit within ten days after the shipment of the goods to him shows that the transaction was one of sale, for, if he was merely an agent, he could not be expected to remit or pay for the goods until he had sold them. No credit was extended to the customers of Hungerford by appellee; his sales were personal obligations to him with which appellee had no concern. He could sell for cash or credit as he saw fit, and appellee was in no way to receive anything from the purchasers of the goods from Hungerford. The relation of buyer and seller did not exist between appellee and Hungerford's customers; he could dispose of the goods as he saw fit, with only the obligation to pay their value to appellee at their fixed price. There was no arrangement whereby the title to the goods was to remain in appellee, nor did appellee reserve the right to retake them. These features have been held in many cases as indicating that the intention of the parties was to constitute between themselves the relation of vendor and purchaser. We, therefore, hold that the transactions between appellee and Hungerford were sales and came within the contract of guaranty. There are a number of other alleged errors argued by counsel for appellants which he did

not assign as error. We have examined them, however, but deem them immaterial in view of the construction we have placed upon the transactions between appellee and Hungerford, as hereinbefore expressed.

The trial court having tried this case upon the theory that the relation between appellee and Hungerford was that of vendor and vendee, and admitted and rejected evidence and instructed the jury accordingly, we find no error in the record. The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*