THE FUCHS & LANG MANUFACTURING COMPANY, Appellee, *vs.* R. J. KITTREDGE & Co. Appellant.

*Opinion filed October 26, 1909.*

1. APPEALS AND ERRORS—*what questions are settled in Appellate Court.* A judgment by the Appellate Court affirming a judgment for plaintiff in an action for the purchase price of a machine settles the controverted questions of fact whether a certain letter constituted the full contract of the parties, whether the words used therein describing the machine meant the one sold or another, whether the defendant was induced to order by false representations, and whether there was an oral warranty of quality.

2. PROPOSITIONS OF LAW—*the object of submitting propositions of law.* The object of submitting propositions of law in a case tried without a jury is to make the record show the principles of law applied in the decision of the case, and in many cases it is the only way that the views of the court as to the principles of law applicable can be shown by the record.

3. SAME—*when assumption of fact in proposition of law is not error.* In an action at law tried by the court without a jury it is not error to assume, in a proposition of law, that the words "No. 10 latest model bronzing machine," used in a contract of sale, meant a machine manufactured by the plaintiff as its No. 10 bronzing machine, "century model," even though the meaning of the words was a contested question, where the proposition of law was correct as applied to such fact, which must necessarily have been found by the court to be true in deciding the issues as it did.

4. EVIDENCE—*exception to rule excluding parol evidence where contract is in writing.* The rule excluding evidence of prior contemporaneous negotiations leading up to a written contract is subject to the qualification that a separate parol agreement as to any matter not inconsistent with the terms or legal effect of the written contract, and upon which the latter is silent, may be shown, where it appears that the written contract was not intended to be a complete and final statement of the whole transaction.

5. SAME—*whether a letter is a complete statement of the whole contract depends upon circumstances.* In an action tried by the court without a jury, to recover the purchase price of a machine, the question whether the letter introduced in evidence was intended by the parties as a complete and final statement of the whole agreement between them is to be determined by the court from the circumstances of the case.

6. SALES—*to be ground for rescission false representation must be of a material fact.* To be ground for rescission of a contract of sale where there is no relation of confidence, a false representation must be of a material fact, as the law does not hold a person responsible for the truth or falsity of expressions of opinion as to the merits or value of the article offered for sale or exaggeration in its commendation, if the parties are dealing on equal terms and no special confidence is reposed.

7. SAME—*what false assertion is not ground for rescinding the contract.* A statement by the vendor's agent that the machine he was offering to sell to the vendee would be superior in quality to the one the vendee was using is essentially a matter of opinion, and the fact that the assertion proves to be false is not ground for rescinding the contract.

8. SAME—*when vendee cannot reject machine though he is not "perfectly satisfied."* A statement by the vendor's agent that if the vendee would place an order for a certain machine he would be "perfectly satisfied" with it does not authorize the vendee to reject the machine at his pleasure, if it complies in all respects with the written contract made when the order was placed.

9. SAME—*when there is an implied warranty that article shall be fit for purpose intended.* Where a manufacturer contracts to supply an article which he manufactures for a particular purpose designed by the buyer and known to the vendor, so that the buyer necessarily trusts to the judgment or skill of the manufacturer, there is an implied warranty that the article shall be reasonably fit for the purpose intended; but this rule applies only where the article is ordered for a special purpose, and not where a special article is ordered, even though it is intended for a special purpose.

10. SAME—*rule where known, described and definite article is ordered.* Where a known, described and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, if the known, described and definite article ordered is actually supplied there is no implied warranty that it shall answer the particular purpose intended by the buyer.

11. SAME—*rule where article is sold under its patent or trade name.* In a contract for the sale of an article under its patent or trade name there is an undertaking that the article delivered shall be of the kind ordered but not that it shall be fit for any particular purpose, and if the buyer gets what he bargained for there is no implied warranty, though it does not answer his purpose.

12. SAME—*when machine cannot be rejected because of an imperfect part.* Where a described and definite machine is ordered the vendor is bound to deliver a machine of that kind and it must be of merchantable quality, but it is not essential that any one or

more of its parts shall be perfect, and it is sufficient if they are of fair, ordinary quality as compared with the parts of other machines of that kind.

13. SAME—*when proof of oral warranty is not admissible.* If a letter from the vendor offering to sell a "No. 10 latest model" machine was meant by the vendor to refer to its "No. 10 century model" machine, and the vendee knows that it is so meant and accepts the offer, all prior negotiations are merged in the written contract, and evidence of them is not admissible to modify or contradict the written contract nor to show an oral warranty.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

SIMMONS, MITCHELL & IRVING, for appellant:

The agreement to supply a machine with which the vendee would be perfectly satisfied operated as a rescission when the vendee gave notice he was not satisfied. *Exhaust Ventilator* v. *Railway Co.* 66 Wis. 218; *Doane* v. *Dunham*, 65 Ill. 512.

The false statements were made knowingly and the defendant relied thereon and plaintiff cannot recover. *Ruff* v. *Jarrett*, 94 Ill. 475.

Whether they were made intentionally or ignorantly makes no difference. *Allen* v. *Hart*, 172 Ill. 104.

As to what are matters of fact and not opinion or puffing, see *Thorne* v. *Prentiss*, 83 Ill. 99; *Sparling* v. *Marks*, 86 id. 125; *Black* v. *Railway Co.* 111 id. 351; *Hicks* v. *Stevens*, 121 id. 186; *Foulk* v. *Eckert*, 61 id. 318; *Pratt* v. *Gas Co.* 155 id. 531; *Allen* v. *Henn*, 197 id. 486; *Bullis* v. *O'Beirne*, 195 U. S. 606; *Newbiggin* v. *Adam*, 34 Ch. Div. 582; *Kennedy* v. *Panama Mail*, 2 Q. B. 580.

Extrinsic facts may be shown in order to ascertain the meaning of a contract. *Barrett* v. *Stow*, 15 Ill. 423.

Inducements to the execution of a contract may be shown. *Thomas* v. *Wiggers*, 41 Ill. 470.

Parol evidence is admissible to show the extent of work intended by the parties though the contract is silent. *Donlin* v. *Daegling,* 80 Ill. 608; *Gammon* v. *Huse,* 100 id. 234; *Chapin* v. *Dobson,* 78 N. Y. 74; *Routledge* v. *Worthington,* 119 id. 592.

A positive representation of a fact is a warranty. *Borders* v. *Kattleman,* 142 Ill. 96; *Sparling* v. *Marks,* 86 id. 125; *Thorne* v. *Prentiss,* 83 id. 99.

It is not necessary to use the term "warrant" in order to constitute a warranty. *Robinson* v. *Harvey,* 82 Ill. 58; *Thorne* v. *McVeagh,* 76 id. 81.

When the agreement is that a machine shall be perfectly satisfactory to the buyer he is the sole judge of whether it suits him. *Goodrich* v. *VanNortwick,* 43 Ill. 445; *Printing Co.* v. *Thorpe,* 36 Fed. Rep. 414.

The test of warranty is whether the vendor asserts a fact of which the buyer is ignorant and upon which he relies. If he merely states an opinion upon a matter of which he has no special knowledge and on which the buyer may be expected to have an opinion it is no warranty. *Kenner* v. *Harding,* 85 Ill. 264.

MUSGRAVE, PLATT & LEE, for appellee:

Where an article is sold by a formal written contract and the said contract is silent on the subject of warranty no warranty made at the same time or previously can be shown, since the writing is supposed to embody the whole contract; and for the same reason no additional warranty can be engrafted on or added to the one that is written. Mechem on Sales, sec. 1234; *Seitz* v. *Refrigerating Co.* 141 U. S. 510; *Power Co.* v. *Crane Co.* 208 Ill. 218; *Graham* v. *Sadlier,* 165 id. 95; *Clark* v. *Mallory,* 185 id. 227; *Robinson* v. *McNeill,* 51 id. 225; *Schneider* v. *Sulzer,* 212 id. 87; *Life Ins. Co.* v. *Mowry,* 24 L. R. A. 674.

When an article known and described under its patent or other trade name is ordered of a manufacturer, whether

said article is ordered for a particular use or not, yet if the known, described and defined thing be actually supplied the contract is performed. There is no implied warranty either that the thing is fit for the general purpose for which the article was manufactured or for the special purpose for which it was known to have been purchased. *Prideaux v. Burnett,* 87 Eng. C. L. 613; *Chanter v. Hopkins,* 4 M. & W. 399; *Mason v. Chappell,* 15 Gratt. 572; *Ollivant v. Bayley,* 5 Q. B. 288; *Grape Sugar Co. v. Turney,* 175 Ill. 631; *Furnace Co. v. Wilkin Manf. Co.* 181 id. 582; *Machine Works v. Chandler,* 56 Ind. 575; *Lock Co. v. Houston,* 28 L. R. A. 53; Mechem on Sales, par. 1349, note 1; Benjamin on Sales, 864.

In such event the law in one respect is the same as it is where there is an executory sale of goods which the buyer has not had an opportunity to inspect,—that is, there is an implied warranty that the thing delivered is of the kind ordered and that it is merchantable. Mechem on Sales, par. 1340; *Howard v. Hoey,* 35 Am. Dec. 572.

In the above connection it must be noted especially that what is meant by the term "merchantable" is that the goods are of fair average quality or goodness, according to their kind, free from remarkable defects, and, as such, salable in the market at the average or ordinary price. Mechem on Sales, par. 1340; *Howard v. Hoey,* 35 Am. Dec. 572.

The rule does not require the best article in the market to supply the purpose or that it shall be perfect of its kind, if it is of the kind usually manufactured and used. *Misner v. Granger,* 4 Gilm. 69; Mechem on Sales, pars. 1341, 1347; *Harriss v. Waite,* 31 Am. Rep. 694.

The statement that the No. 10 century model bronzing machine was "better and stronger" than another machine used by the appellant was simply an expression of opinion. *Crocker v. Manley,* 164 Ill. 282; *Tuck v. Downing,* 76 id. 91; *Schramm v. O'Connor,* 98 id. 539; *Allen v. Hart,* 72 id. 104.

Mr. JUSTICE DUNN delivered the opinion of the court:

In an action of assumpsit tried by the court without a jury the appellee recovered a judgment against the appellant for the price of a bronzing machine sold by the former to the latter. The Appellate Court affirmed the judgment, and the defendant has appealed to this court.

The pleadings were the common counts and the general issue. On the trial a letter written by the appellee to appellant on September 2, 1903, and changed on its face in some respects by the latter, was introduced in evidence and was claimed by appellee to constitute the contract between the parties. There had been previous correspondence and oral negotiations between the parties, and appellant claimed that the letter of September 2, and the modifications thereof, were not intended to express the full intention and purpose of the parties, but that the terms of their agreement could be learned only by a consideration of all their previous correspondence and negotiations. It was contended, on the one hand, that the words "No. 10 latest model bronzing machine," used in the letter, referred to a certain machine manufactured by the appellee and described in its advertising circulars, and, on the other hand, that they referred to a different machine which appellee was about to manufacture after a new model. The appellant claims that it was induced to order the machine through the false representations of appellee's agent and that there was an oral warranty of the quality of the machine. Objections were made to the machine for various alleged defects, and appellant claimed that the contract was rescinded. All these were questions of fact which have been settled adversely to the appellant's contention by the judgment of the Appellate Court, and although they have been argued at length in many pages of appellant's brief we cannot consider them. The only questions here open for review on this record are those involving the action of the court in passing upon propositions of law and in the admission of evidence.

The second, third, fourth, eighth, tenth and eleventh propositions asked by the appellant were all based upon the hypothesis that the letter of September 2 did not express the final consummation of the agreement of the parties, in which all prior negotiations were merged. The rule which excludes evidence of prior or contemporaneous negotiations leading up to the consummation of a written contract is thus stated in 1 Greenleaf on Evidence (sec. 275) : "When parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected." (*Graham* v. *Sadlier,* 165 Ill. 95; *Telluride Power Co.* v. *Crane Co.* 208 id. 218.) The rule is a familiar one, but it is subject to the qualification that a separate parol agreement as to any matter not inconsistent with the terms or legal effect of the written agreement, and on which it is silent, may be shown, where it appears that the written instrument was not intended to be a complete and final statement of the whole transaction between the parties. (*Platt* v. *Ætna Ins. Co.* 153 Ill. 113; *Town of Kane* v. *Farrelly,* 192 id. 521; *Seitz* v. *Brewers' Refrigerating Machine Co.* 141 U. S. 510.) Whether the letter in question was intended by the parties as a complete and final statement of the whole agreement between them was a question to be determined by the court from the circumstances of the case. The court, therefore, rightly refused the propositions assuming it was not so intended.

The ninth of appellant's propositions stated that if the plaintiff, through its agent, made a distinct assertion of the kind or quality of the machine which was the subject of the contract, whether it amounted to a warranty or not, which he knew or should have known to be untrue, with the view of inducing the defendant to enter into the contract, and the defendant relied upon that assertion and believed it to be true and by reason thereof did execute the contract, then the defendant had the right to reject the machine. The false representation which can be made the basis of an action or the rescission of a contract, where there is no relation of confidence, must be of a material fact. Matters of opinion between parties dealing upon equal terms, though falsely stated, are not relieved against. Exaggeration in the commendation of articles offered for sale will not avoid a contract. However reprehensible their conduct may be in morals, the law does not hold parties responsible for the truth or falsity of expressions of opinion as to the merits of an article offered for sale, or as to its value, where no special confidence is reposed. (*Tuck* v. *Downing,* 76 Ill. 71; *Allen* v. *Hart,* 72 id. 104; *Crocker* v. *Manley,* 164 id. 282.) The parties here dealt at arm's length. Under this proposition, if appellee's agent had asserted that its machine was superior in quality to the one appellant had been using,—essentially a matter of opinion,—and it had turned out to be false, the contract would have been avoided. The proposition was not a correct statement of the law.

Proposition 10*a* recited appellant's version of the conversations and representations of appellee's agent, including his statement that if appellant would place its order with appellee for the proposed machine appellant would be perfectly satisfied with the machine. It then stated that if appellant, relying upon these representations, gave the order for the machine, and the machine delivered was not such a machine as represented or was not a machine with which

the appellant was perfectly satisfied, the appellant was under no obligation to accept the machine. The effect of this proposition was, that if appellee's agent said to appellant that appellant would be perfectly satisfied with the machine if ordered, and if appellant then made a written contract for the purchase of the machine, still it would not be bound to accept it even though it complied in every particular with such written contract. If dissatisfied for any reason, however trivial, or for no reason having anything to do with the contract, it might reject the machine. The court rightly refused to hold this proposition.

After the machine was delivered and appellant had refused to accept it, the appellee proposed to guarantee the construction and work of the machine if appellant would accept it, otherwise appellee requested its return to the factory. In reference to this, appellant submitted the following proposition:

"If the defendant refused to accept the guarantee of the machine offered by the plaintiff in its letter of November 27, 1903, and notified the plaintiff to that effect, then plaintiff cannot recover in this case because of defendant's failure to return the machine to plaintiff at Rutherford, N. J., unless plaintiff thereafter demanded the possession thereof and the defendant thereupon refused to deliver the same."

This proposition was properly refused, because there was no claim on account of appellant's failure to return the machine. It was under no obligation to return it before or after the letter of November 27. The suit was brought for the price of the machine, and the proposition was immaterial to the case.

Appellee's second proposition included a finding of fact and might therefore have been refused. Holding it, however, did the appellant no harm, for the proposition of law contained in it was correct as applied to the facts found. It held that the representation of plaintiff's agent that its

machine was better and stronger than the machine then operated by the appellant was not admissible in evidence, as being a mere expression of opinion and because merged in the written contract, unless the agent further represented that appellee was then about to build a new machine upon a new model.

Appellee's third proposition was, that if the court finds that the appellant ordered from the appellee a No. 10 bronzing machine, century model, and that such machine was a known patented article manufactured by the appellee and sold by its trade name, then there was no implied warranty that said article was fit either for the general purpose for which it was manufactured or for the special purpose for which it was purchased. Where a manufacturer contracts to supply an article which he manufactures for a particular purpose designed by the buyer and known to the vendor, so that the buyer necessarily trusts to the judgment or skill of the manufacturer, there is an implied warranty that the article shall be reasonably fit for the purpose to which it is to be applied. This rule is limited to cases where an article is ordered for a special purpose, and does not apply to cases where a special thing is ordered though it is intended for a special purpose. Where a known, described and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still, if the known, described and definite article be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer. In a contract for the sale of an article under its patent or other trade name there is an undertaking that the article delivered shall be of the kind ordered but not that it shall be fit for any particular purpose. If the buyer gets what he bargained for, there is no implied warranty though it does not answer his purpose. (*Peoria Grape Sugar Co.* v. *Turney,* 175 Ill. 631; *Diebold Safe and Lock Co.* v. *Huston,* 55 Kan. 104; *Mason* v. *Chappel,* 15 Gratt. 572; *Gossler* v. *Eagle Sugar Refin-*

z 42 — 7

*ery,* 103 Mass. 331; *Seitz* v. *Brewers' Refrigerating Machine Co. supra; Chanter* v. *Hopkins,* 4 M. & W. 399; *District of Columbia* v. *Clephane,* 110 U. S. 212; *Ollivant* v. *Bayley,* 5 Q. B. 288.) The proposition under consideration is based upon the hypothesis that the No. 10 bronzing machine mentioned in the letter referred to appellee's No. 10 bronzing machine, century model, and that such machine was a known, defined, patented article, manufactured and sold by appellee by its trade name. In such case, if the machine ordered is delivered and no express warranty is given, none can be implied.

Appellee's fifth and seventh propositions stated that if the letter offering to sell a No. 10 latest model machine was meant by appellee to refer to the No. 10 century model machine, and appellant knew that it was so meant and accepted the offer, then all prior negotiations were merged in the written contract, and evidence of them was not admissible to contradict or modify the written contract or to show an oral warranty. They stated the law correctly.

Appellee's thirteenth proposition was as follows:

"The court holds, as a proposition of law, that in determining whether or not the cylinder in the machine delivered by the plaintiff to the defendant was a merchantable cylinder, it is not necessary that it should appear that said cylinder was perfect of its kind, but it is sufficient if it appears that it was of fair, ordinary quality when compared with other cylinders theretofore manufactured and used in No. 10 bronzing machines, century model, by the plaintiff company."

If the court found, in accordance with appellant's claim, that the "latest model" for which the appellee contracted was not the century model but was an entirely new machine, constructed upon a new model and represented to be a stronger and better machine than the one appellant was using, then, in determining whether or not the cylinder in the machine delivered was a merchantable cylinder, a com-

parison with other cylinders theretofore manufactured and used in the century model was wholly immaterial. Appellant's claim is that its objection to the century model was that it was not strong enough and that the "latest model" was ordered for that reason. It was therefore erroneous to hold that the merchantable quality of the cylinder in the machine delivered might be determined by a comparison with those used in the century model, except upon the hypothesis that the machine ordered by the appellant and delivered by the appellee was a century model.

The object of submitting propositions of law is to make the record show the principles of law applied in the decision of the case. In many cases it is only through such propositions that the views of the court as to the principles of law applicable to the case can be shown by the record. (*Chicago Union Traction Co.* v. *City of Chicago,* 202 Ill. 576; *Swain* v. *First Nat. Bank,* 201 id. 416.) Since there was no special count or plea in this case, the question tried can be determined only by looking to the evidence. The appellant ordered a machine of the appellee, and as to that there was no controversy. There was a conflict in the evidence as to whether the machine ordered was a century model or a different machine, called a "latest model," and that issue was tried. There was no conflict in the evidence that the machine delivered was a century model and not another model. If the court had found that the machine ordered was not the century model but another model, all the issues must necessarily have been found for the defendant because the machine delivered was not the machine ordered. There was evidence tending to show that the machine delivered was not merchantable, in that the cylinder was defective. This issue was tried, and it was with reference to it that the proposition under consideration was submitted. The court found all the issues for the plaintiff. The question concerning the merchantability of the cylinder had nothing to do with the other issue,—the kind of ma-

chine ordered. The determination of the former question threw no light whatever on the latter. Whether the machine or any of its parts was merchantable or not was a matter of no importance until it was determined that the machine ordered was of the same kind as that delivered,— a century model. Whether the machine was merchantable or not merchantable, it was necessary for the plaintiff to show that the machine delivered was of the kind ordered before the first issue could be found in its favor. That issue having been found in its favor, the court necessarily found that the machine delivered,—the century model,— was of the kind ordered. All this follows without any reference to the question of the merchantability of the machine. It being determined that the machine ordered was a "No. 10 bronzing machine, century model," the appellee was bound to deliver a machine of that kind, of merchantable quality. It was not essential that the cylinder or any of its parts should be perfect, but it was sufficient that they were of fair, ordinary quality as compared with the parts of other machines of that kind. As applied to such a machine the proposition stated a correct rule of law. Since the court found the fact to be that the machine ordered and delivered was a century model, it is manifest that there was no error in the application to the case of the principle of law stated in this proposition. (*Union Elevated Railroad Co.* v. *Nixon,* 199 Ill. 235.) The same may be said of the fourteenth and fifteenth propositions, which were similar to the thirteenth.

The appellee introduced in evidence a blue-print showing the driving shaft and pulleys as to the operation of which there was a controversy on the trial. Appellant objected to it because the original drawing of which it was a copy was not produced. A witness testified that the paper produced was the identical blue-print from which the machine furnished to appellant was assembled. It was, therefore, as to this machine an original.

It is further insisted that the blue-print was mutilated, a part of it having been torn off by counsel for appellee when it was offered in evidence. Counsel permitted appellant's counsel to see the part torn off, saying that it had nothing to do with the issue. There is nothing here indicating that it had anything to do with the case, and counsel for the appellant did not at the time insist that it had. Appellee offered such part of the plan as was material to the controversy, and the record shows no valid objection to it.

We find no error in the record for which the judgment should be reversed, and it is therefore affirmed.

*Judgment affirmed.*