**J. E. Gustus, Appellee, v. T. D. Murdock et al., Appellants.**

**Gen. No. 5272.**

DEPOSITIONS—*who may introduce.* Depositions properly taken by one party and containing evidence pertinent to the issues may be introduced in evidence by the other party where they are not withdrawn or suppressed before the trial.

Assumpsit. Appeal from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding. Heard in this

court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

E. P. FIELD, for appellants.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

J. E. Gustus brought suit in *assumpsit* against T. D. Murdock and R. V. Field in the Circuit Court of Rock Island county. The declaration contains the common counts. The plaintiff, after a rule had been entered, filed a bill of particulars showing that the suit was brought to recover commissions amounting to $504.52 on the sale of Canadian lands sold by defendants for the Calgary Colonization Company in territory in which plaintiff claimed he had the exclusive right to sell such lands. The defendants filed the general issue, three special pleas of release and a fifth plea, being a fourth special plea in which defendants aver that the several causes of action in the declaration mentioned are one and the same, namely, upon a contract made on or about October 1, 1905, whereby in consideration that the plaintiff would permit defendants to sell Canadian lands for the Calgary Colonization Company in Henry county, Illinois, without hindrance on the part of plaintiff, that for any sales defendants should thereafter make, defendants should pay plaintiff $100 for each section so sold and that before any sales were made plaintiff and defendants mutually rescinded said contract, etc. Replications denying the pleas were filed, on which issues were joined. On the trial a verdict for $394 was returned in favor of plaintiff, on which judgment was rendered and the defendants appeal.

The evidence shows that appellants and appellee are real estate agents engaged in the sale of Canadian lands of the Calgary Colonization Company in the province of Alberta. The appellants are located at Gales-

burg, Knox county, Illinois, and for several years prior to 1905 had been engaged in selling Alberta land under a contract with the Calgary Colonization Company which gave them Galesburg and vicinity in which to sell the company's lands, and had under this contract worked up the sale of such lands in Henry county on the north of and adjoining Knox county. In the spring of 1905, one of the appellants solicited the appellee, who lived at Moline and was engaged in educational work in Rock Island county, to go to Canada, and look over the lands they were selling with a view of buying land and taking an agency under them. After three interviews, appellee, in August, 1905, accompanied the appellants to Canada, appellants paying appellee's railroad fare, when he bought a quarter section of land and ignoring appellants, secured a contract from the Calgary Colonization Company giving him the agency to sell its lands in Warren, Henry and Rock Island counties, Illinois, and in two counties in Iowa. The contract recites that the land company agrees not to appoint any other agents in said counties or allow other agents to work therein. In the latter part of September, appellee and appellants met and disputed as to the rights claimed by them respectively, appellants claiming they had a right under their prior contract to sell in Rock Island and Henry counties and appellee denying the claim of appellants. On October 2, 1905, the parties again talked with each other over the telephone, Field telling appellee he had some parties ready to start to Alberta and if he could not make some agreement with appellee he would take them to some other land company. It was thereupon agreed that appellants should pay appellee $100 for each section of the Calgary Colonization Company land that they should sell to residents of Henry county. At that time appellee inquired of appellant Field, as to whom he expected to sell to, and Field gave him the names of Stickney, Hough, Wendt, Erickson and a relative of Hough. On October 3rd after the talk over the

telephone, Gustus wrote a letter to Field at Calgary stating the contract as he understood it. When Field arrived with his customers at Calgary he received ap-. pellee's letter and also a telegram from appellee stating that he revoked the letter.

On the trial the appellee read in evidence the depositions of H. E. Anderson and A. J. Sayre, officers of the land company, in reference to correspondence with appellee and the lands sold by appellants. Appellants objected to the use by appellee of the depositions taken on their behalf and insist that the admission of the depositions was error. No objection was made to the depositions before the trial was commenced, as to matters of form of the questions or as to any irregularity in taking them. Depositions properly taken by the defendant and containing evidence pertinent to the issues may be introduced in evidence by the plaintiff where they are not withdrawn or suppressed before the trial. Adams v. Russell, 85 Ill. 285; Bartlett v. Slusher, 117 Ill. App. 138; McCormick v. Laster, 81 Ill. App. 316.

It is also contended the judgment is excessive. The proof by the officials of the land company shows that appellants had sold 640 acres of the company's land to Stickney on which appellee claims $100 commission, 803 acres to Hough on which appellee claims $125.47 commission, 120 acres to Garrick on which appellee claims $18.75 commission, 320 acres to Wendt on which appellee claims $50 commission and 640 acres to Erickson on which appellee claims $100 commission. The verdict and judgment is for the total of these items less twenty-two cents.

The proof clearly shows that the sales to Hough and Wendt were made before the contract was made between appellants and appellee and while appellants claimed the right to sell lands in Henry county under their contract. The fact that Hough and Wendt made a trip to Alberta with appellants in October but bought

no land on that trip would not give appellee any right to a commission on lands sold to them before the agreement was made between appellants and appellee. Appellants claim the right to sell the Calgary Colonization Company's land in Henry county under their contract with the land company. The fact that appellee had a contract from the company giving him an exclusive right to sell the company's lands in Henry county did not revoke appellants' prior contract. The controversy must be settled between the land agents and their principals as to all lands sold except what were sold after the agreement of October 2nd. The company possibly made itself liable to each of its agents but could not make one agent liable to the other except by agreement. A judgment cannot be sustained for commissions on any lands except on those sold by appellants after making the agreement of October 2nd.

It is also claimed that under the agreement no commission was due appellee until the purchaser had paid one-fourth of the purchase money. The evidence shows that the land company had settled with the appellants for lands sold to the parties named, and from that fact the jury might reasonably infer and find that the commissions were due and payable. Under the evidence the appellee is entitled to a judgment for $168.75. The judgment rendered is excessive to the extent of $225.25,—the commissions of the sales to Stickney and Hough. If the appellee remits $225.25 within five days from the lodging of this opinion with the clerk the judgment will be affirmed for $168.75 otherwise the judgment will be reversed and the cause remanded.

Appellee not filing a *remittitur* herein, the judgment is reversed and the cause remanded.

*Reversed and remanded.*