## Martha B. Mobley, Appellant, v. William Mobley, Appellee.

1. ASSIGNMENT—*when not error to credit assignee to pay debts with payments.* Where a husband and wife by agreement assign all of their property with power to the assignee to sell and pay certain enumerated claims and to turn over the balance to the wife, and it is provided that the assignee may take necessary steps to carry out the true spirit of the agreement and that the claims are subject to slight correction in amounts, it is not error to credit the assignee with a payment of $210.26 more on the claims than the amount enumerated when such excess consists in costs on the judgments against the assignors or in claims being larger than inventoried, since possession of the property could not have been secured without paying the liens against it.

2. ASSIGNMENT—*when credit for payment correctly allowed to assignee to pay debts.* It is not error to credit a person to whom property is assigned with power to sell and to pay certain claims, with payment of a sum which was a lien on certain property where such payment was necessary to obtain possession thereof.

3. EVIDENCE—*when oral statements made by parties after making written contract competent to show separate contract.* Where husband and wife by written contract assign all their property to be sold to pay certain enumerated debts and agree that the balance is to be paid to the wife and provide that the assignee may take necessary steps to carry out the true spirit of the agreement, evidence by the assignee that the parties stated that all debts should be paid and that there were some they couldn't think of, and evidence by the clerk at the sale that the wife stated that the indebtedness of both was to be paid and that the assignee was to pay it, is competent to prove a separate oral contract as to matters not inconsistent with the incomplete written agreement.

4. ASSIGNMENT—*when credit correctly allowed to assignee to pay debts.* Where a husband and wife by a written agreement assign all their property and give power to pay enumerated debts and to pay the balance to the wife, it is not error to credit the assignee with $63.20 paid on an unenumerated debt of the husband, where the parties subsequently stated that all debts were to be paid and where the wife so informed the clerk at the auction sale.

Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

E. B. Mitchell, for appellant.

Ingham & Ingham, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

Martha B. Mobley brought this action in *assumpsit* against William Mobley. The declaration consists of the common counts. The pleas were the general issue and a plea of set off. The evidence shows that Martha B. Mobley and her husband, John Mobley, had been running a farm and were having litigation between themselves and with others. John Mobley on January 1, 1910, had begun a proceeding to have his wife adjudged insane. This had been dismissed. Martha B. Mobley had begun a suit for a divorce and had obtained an injunction tying up all her husband's property. Five different creditors of John Mobley had obtained judgments in the Circuit Court against him, on which executions had been issued in January, 1910, and levied on his personal property. The holder of a chattel mortgage had taken possession of a team of horses under the mortgage. On February 9, 1910, John Mobley and Martha Mobley met in the office of Martha Mobley's attorney and signed an agreement, in the nature of an assignment for the benefit of certain creditors therein named, by which they turned over all their property of every kind, including their credits, to William Mobley, a son, who was one of the judgment creditors, to convert the same into cash and pay certain enumerated claims amounting to $1,182.75, and to pay the balance remaining to Martha B. Mobley. The agreement contains a release of the property from the injunction and provides, "that William Mobley shall take any and all steps he may deem necessary to carry out the true spirit and intent of this contract." William Mobley was present when the contract was executed, but it is not signed by him. William Mobley

at once proceeded to carry out the contract and had an auction sale of the property. The parties to this suit agree that William received from the sale and from the proceeds of some corn that had been delivered $2,023.53. Plaintiff, Martha B. Mobley, admits that William rightfully paid out of this sum $1,625.72, made up of $1,182.75, the amount of the claims as inventoried; $50.55 for baling hay, auctioneer, etc., and $391.42 on a note and claims against plaintiff and to her. This suit is brought by her to recover the balance, $397.81. The defendant tendered to plaintiff the further sum of $85 and the costs to the time of making the tender. The case was heard before the court without a jury and judgment rendered for plaintiff for $92.05, from which the plaintiff appeals.

The evidence shows that on the claims listed at $1,182.75, the defendant actually paid $1,393.01. Plaintiff insists that the court erred in allowing to the defendant credit for the difference, $210.26. This difference is made up either of costs taxed in the various judgments against Mobley, on which executions had been issued and become liens against the property, or by the claims being larger than inventoried. In listing the debts in the agreement only the original amounts of the indebtedness were mentioned. The contract states that the same is "subject to some slight correction in amounts," and that defendant has full power to take all steps necessary to carry out the true spirit and intent of such contract. The defendant could not have got possession of the property without paying off the liens against it. The defendant was properly given credit for such difference.

The plaintiff also contends that the court erred in giving the defendant credit for $13.50 paid to William Farmer for the care of a horse that had been taken possession of by a constable under an execution; $16.80 paid to M. Marshall for the care of a mortgaged team and for $63.20 paid on a note against John Mobley not inventoried in the agreement. The $13.50 and

the $16.80 were liens on the horses; they were claims that had to be paid to obtain possession of the horses and credit was properly given the defendant for such sums.

John Mobley testified that when the list of debts was made out he said he did not think of any more, and the plaintiff's attorney said all debts would be paid. Defendant testifies that at the time the assignment of the property to defendant was made it was stated by the parties "that all the debts should be paid, that there was some debts they could not think of." "They said I should pay them." Ed Nichols, cashier of the Waynesville bank, who was the clerk at the auction sale, testified that on the day of the sale plaintiff said to him that Mobley's and her indebtedness was to be paid out of the proceeds of the sale, that William Mobley was to pay off the indebtedness. This evidence was competent to prove a separate oral agreement as to any matter not inconsistent with the terms or legal effect of the written agreement where it appears the written agreement was incomplete. Fuchs & Lang Mfg. Co. v. Kittredge & Co., 242 Ill. 88. None of the statements said to have been made by plaintiff are denied by her. From her statements made after the making of the agreement there was no error in the allowance of credit for the payment of the note for $63.20. The payment was within the intent of the contract as it was construed by, and the directions given by the plaintiff. The court also allowed $2 paid by defendant for livery hire which was a proper credit. Plaintiff presented propositions of law and fact asking the court to hold that the items which have been enumerated should not be allowed; these the court refused. We find no error in the rulings of the court.

The judgment is affirmed.