## Mary Neigenfind, Appellee, v. Sol Singer and Singer Grocery Company, Appellants.

SALES—*when warranty of fitness not implied.* There is no implied warranty of fitness arising in the retail sale of a patented stove polish preparation sold under its trade name, and it is error to instruct a jury that a retail dealer who sells such stove polish impliedly warrants it to be fit for the purpose to which it is to be applied.

Appeal by defendants from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 26, 1923.

M. R. SULLIVAN, for appellants.

E. L. MAHER and R. W. GRIFFITH, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an action brought by Mary Neigenfind, appellee, against Sol Singer and Singer Grocery Company, appellants, to recover damages for personal injuries which appellee claims to have sustained through the explosion of a bottle of stove polish which she had purchased of appellants.

The declaration on which the case was tried consisted of one count alleging, in substance, that appellants on September 30, 1921, operated a retail grocery store at Granite City, Illinois, and, among other merchandise, kept for sale "Electric Shine Oil Polish"; that appellee purchased a bottle of such polish from appellants for the purpose of cleaning and polishing her kitchen range, which said purpose was known to appellants; that appellants then and there warranted said Electric Shine Oil polish to be safe and harmless when used; and that there was no danger attend-

ing the same when used in the ordinary manner in cleaning and polishing stoves; that appellee, relying upon said warranty, applied the same in a reasonable manner to her said kitchen range and thereupon the said polish suddenly and violently exploded and caught on fire and appellee was then and there greatly burned, injured and damaged. Upon the trial a verdict for $3,000 was rendered in favor of appellee by the jury. After overruling a motion for a new trial the court entered judgment on this verdict and from that judgment this appeal was perfected. Appellee testified that on the 22nd day of September, 1921, she called appellee's store over a neighbor's telephone and ordered several articles of merchandise among which was stove polish. She also testified that she talked with appellant Sol Singer and asked him for Bull Dog stove polish, but that he stated that he was out of it, but could supply her with Electric polish; that she then asked him if it was all right and could be applied with a rag and he said it was all right and could be applied with a rag. Appellant Sol Singer denied that appellee asked for Bull Dog polish, but stated simply that she wanted stove polish. He also testified that he at that time had Bull Dog polish but sent the other because there were more calls for it than for the Bull Dog brand, and that he did not tell her that the Electric Shine polish was all right, and that she could apply it with a rag. The electric polish was delivered and appellee testified that later while polishing her stove the rag ignited with an explosion and that she was severely burned. She further testified that there was no fire in her stove at the time, and that it was not hot. This stove polish was not manufactured by appellants but by the Electric Shine Polish Works of St. Louis, Missouri. It was in a corked bottle with a label on it containing the following words: "Warning: Be sure the fire is out before applying polish," also "Caution: Never use on hot stove."

Appellee bases her right to a recovery in this case upon two grounds: (1) There was an implied warranty of fitness accompanying the sale of the stove polish by appellants to appellee; (2) there was such a positive statement concerning the polish made by appellants to appellee at the time of the sale thereof as to constitute a warranty of fitness for use. The evidence in this case is somewhat conflicting in several respects and especially as to what was said between the parties at the time of the sale. However, as this judgment must be reversed because of error appearing in the record, we will not discuss the evidence on the question of expressed warranty or any other fact. The court in behalf of appellee gave the following instruction: "The court instructs the jury that where a retail dealer sells and supplies an article to be applied to a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the dealer, there is in that case an implied term of warranty that it shall be reasonably fit for the purpose to which it is to be applied." If an article is ordered to be made or manufactured for a particular purpose, there is beyond doubt an implied warranty that it shall be fit for the particular purpose for which it is ordered. We do not understand, however, that in the sale of an article such as involved in this case there is such an implied warranty either under the statute or decisions of the courts of this state. Whether the version of appellee or that of appellants as to the conversations which occurred at the time of the sale in question is true, it appears that this transaction was the sale of an article under its trade name. Under such circumstances the only implied warranty under the law was that the article delivered should be of the kind ordered, and there was no implied warranty that it should be fit for any particular purpose. Paragraph 4 of section 15 of the Uniform Sales Act [Cahill's Ill. St. ch. 121a, ¶ 18], expressly provides

that "in the case of the contract to sell or a sale of a specific article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

It was held in *Fuchs & Lang Mfg. Co. v. Kittredge & Co.*, 242 Ill. 88: "Where a known, described and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still, if the known, described and definite article be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer. In a contract for the sale of an article under its patent or other trade name there is an undertaking that the article delivered shall be of the kind ordered but not that it shall be fit for any particular purpose. If the buyer gets what he bargained for, there is no implied warranty though it does not answer his purpose."

Under the law as above announced there was no implied warranty the stove polish sold to appellee should be fit for the purpose for which it was ordered. The instruction above quoted therefore announced an incorrect rule of law, and it was error for the court to give it. The trial court also erred in refusing instructions offered by appellants properly stating the law of implied warranties as applied to this case under the authorities above cited.

For these errors above set forth the judgment in this case is reversed and the cause remanded.

*Reversed and remanded.*