*E. C. Gilman & C. M. Barnes,* for the plaintiff.
*W. H. Powers,* for the defendant.

---

## John Soars *vs.* Home Insurance Company.

Suffolk. November 17. — 28, 1885. Devens & Gardner, JJ., absent.

The parties to a policy of insurance, in the form prescribed by the Pub. Sts. *c.* 119, § 139, after a loss by fire, entered into an agreement to submit to referees the appraisal and estimate of the damage by fire to the insured property, which provided that the award should have no reference to any other question or matter of difference, and should be "of binding effect only so far as regards the actual cash value of, or damage to, such property." Before payment of the amount awarded by the referees, the assured brought an action upon the policy. *Held,* that the action was properly brought upon the policy, and not upon the award.

CONTRACT upon a policy of insurance, in the form prescribed by the Pub. Sts. *c.* 119, § 139, against loss by fire, in the sum of $1000, for one year from June 8, 1883, upon certain machines, tools, and fixtures contained in a building in Newton. The policy contained, among others, the following clause: "In case

any difference of opinion shall arise as to the amount of loss under this policy, it is mutually agreed that the said loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen, . . . . and the decision of a majority of said referees in writing shall be final and binding on the parties."

The answer alleged that the plaintiff and the defendant agreed to submit the amount of loss sustained by the plaintiff to arbitration; and that the persons chosen as arbitrators made an award in favor of the plaintiff in the sum of $285. The plaintiff filed a replication, alleging that said award was invalid and void, and assigning several reasons therefor. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence that a fire occurred on July 3, 1883, and the property insured was injured; and that, in accordance with the terms of the policy, an agreement was entered into by the parties to refer the appraisal and estimate of the damage to the property by fire to referees, which provided that the award should have no reference to any other question or matter of difference; and should be "of binding effect only so far as regards the actual cash value of, or damage to, such property." The referees were chosen, visited the premises, and made an award that the plaintiff had sustained damages in the sum of $285; and there was evidence tending to show that the plaintiff claimed payment under the award, which evidence consisted of a statement of loss as $285, signed and sworn to by the plaintiff, but which he testified was prepared by the defendant's agents, and that he could not read, and was ignorant of its contents. Before payment was made he brought this action.

The defendant asked the judge to rule that, if the parties had entered into an agreement to refer, and the referees had met and made an award, and that award had been ratified and was binding, the plaintiff could not recover in this form of action, but the jury must find for the defendant. The judge declined so to rule, but ruled that, if the reference was had, and an award was made for $285, the plaintiff would, under the policy, be entitled to recover said sum of $285, with interest, in this action.

The plaintiff offered evidence under his replication, impeaching the award, and the defendant offered counter evidence ; and the judge gave full instructions, which were not excepted to, as to the validity of the award. Both parties offered evidence as to the value of the property insured.

The jury returned a verdict for the plaintiff for the full amount of the policy ; and the defendant alleged exceptions.

*I. S. Morse*, for the defendant.

*T. Weston, Jr.*, for the plaintiff, was not called upon.

BY THE COURT. The jury have found that the award which the defendant relies on is invalid. It can therefore have no efiect upon the rights of the parties.

But if it had been a valid award, it could not, as contended by the defendant, prevent the plaintiff from maintaining his suit upon the policy. The award has reference merely to the damages. The agreement of submission merely refers to arbitrators the appraisal and estimate of the damage by fire to the plaintiff's property, and expressly provides that the award shall have no reference to any other question or matter of difference, and shall be "of binding effect only so far as regards the actual cash value of, or damage to, such property." A valid award under this submission might be evidence of the damages in an action upon the policy ; but it is too clear to admit of any discussion that the only action of the plaintiff must be upon the policy, and not upon the award.                         *Exceptions overruled.*