# Norman A. Gault, Appellee, v. Earl O. Hunt, Appellant.

## Gen. No. 5,772.

1. EVIDENCE, § 345*—*when separate parol agreement may be shown.* A separate parol agreement as to matters not inconsistent with the terms or legal effect of the written agreement, and on which it is silent, may be shown where it appears that the written instrument was not intended to be a complete and final statement of the whole transaction between the parties.

2. EVIDENCE, § 345*—*when prior verbal agreement is admissible.* Proof of a verbal arrangement between the parties prior to the execution of a contract for the sale of land is admissible as explaining what was meant by numerous promises to pay interest made after the deed was delivered.

3. INSTRUCTIONS, § 137*—*when requested instructions properly refused.* Requested instructions which do not take into consideration the proof of essential matters may be properly refused.

4. APPEAL AND ERROR, § 1489*—*when error in admitting testimony will not reverse.* Error of court in permitting a party to testify as to what was meant by the terms of a certain agreement, *held* not reversible error where his answer was what the court and jury must have understood from other evidence.

Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

F. J. STRANSKY, for appellant.

P. J. CAMPBELL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Gault sued Hunt in *assumpsit* and filed the common counts only. Hunt pleaded the general issue and notice of counterclaim. Plaintiff's claim was for interest on $27,500 from March 1, 1907, to March 1, 1908, at five per cent. per annum, amounting to $1,375. Defendant's counterclaim was for a balance of $270.32 on a book account which he had against the plaintiff.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

The jury allowed both claims in full and gave plaintiff a verdict for the difference $1,104.68. Defendant appeals.

Gault owned a farm which Hunt wished to buy. The parties met on January 4, 1907, and on January 5, 1907, went to a lawyer and had a contract drawn up between them, by which appellee was to sell appellant the Thomas Burton farm for $27,500, which appellant was to pay on the first of March, 1907, and on receiving that sum from appellant, appellee was to deed the premises to appellant, free from encumbrance, with warranty. Appellee was to retain possession of the premises until the deed was delivered. A few days later appellee let appellant into possession of the premises. There was a mortgage for $16,000 on the premises given by appellee. When March 1, 1907, arrived the money market was stringent and appellant could not obtain the money. The parties thought the money could be obtained soon and the matter drifted for another year. On March 1, 1908, appellee left the deed at a bank and appellant there paid $27,-500 and the bank paid off the mortgage and delivered the deed to appellant and applied the rest of the proceeds upon an indebtedness of appellee to the bank. As this transaction stood, appellant had had the use of the farm, which contained three hundred and ninety-one acres, for one year without paying anything therefor. Appellee testified that on the day the contract was signed, but before it was signed, appellant expressed a hesitation to sign the contract for fear that he would not be able to obtain the money on March 1, 1907, and that appellee then said to appellant in effect that they had come to an agreement on the price and that if appellant would execute the contract to them, appellee would carry it one year at five per cent if appellant could not find the money by the first of March, and that appellee said: "If you do that we will go ahead and fix up the contract," and they thereupon executed

the contract. Appellee testified that he was not present on March 1, 1908, at the bank when appellant paid $27,500 and received the deed which appellee had left there, but that a few days later he met appellant and asked appellant to pay the interest on $27,500, for the one year of delay as agreed between them, and asked him to sign a note for it, and that appellant replied that he did not wish to give a note but that he would sell something soon and raise the money and pay said interest, and that thereafter on numerous occasions he asked appellant to pay the interest and appellant promised to pay it soon, and after two or three years had passed and he had made at least twelve such promises, appellee told appellant that it must be brought to a conclusion and appellant told him he would think it over and tell him the next day, and on the next day appellant told him that he had made up his mind that he owed appellee nothing. Then appellee started this suit. Appellant denied said original arrangement and denied all the subsequent promises. Appellant owned another farm, called the Sand Prairie Farm. He testified that before the contract was signed, appellee promised to lend him $15,750 of the consideration for ten years at five per cent. secured by a mortgage on the Sand Prairie Farm, and that the delay of one year was caused by appellee's refusal to carry out that arrangement. Appellee denied that he ever promised to lend any money on the Sand Prairie Farm. In one place the abstract does not treat the evidence of appellee fairly. It states the evidence of appellee as follows: "Our agreement that I should take a part of this purchase price on his Sand Prairie Farm was made before the contract was entered into." An examination of the record shows that appellant's counsel embodied that proposition in a question to which appellee answered "Yes," but that he almost immediately after stated, as he had done before, that he never agreed to take a part of the purchase price

on the Sand Prairie Farm. At the request of appellant, the court instructed the jury that if appellee agreed to accept a mortgage on the Sand Prairie Farm for ten years at five per cent. and then refused to do so and delayed the consummation of the sale, appellee could not recover. Therefore the verdict of the jury is a finding that the verbal contract set up by appellee was proved and that the verbal contract set up by appellant was not proved. These were questions of fact which the jury has decided and the trial judge has approved that decision. The testimony of appellee on that subject seems to us the more reasonable and we cannot disturb that conclusion under the evidence.

Appellant's main contention is that the verbal arrangement set up by appellee must be treated as merged in the written contract signed later the same day, and therefore the law will not permit appellee to recover. Assuming this to be so, if the verbal agreement before the contract was signed was the end of the matter, we think that rule not applicable here. Appellee shortly thereafter let appellant into possession, contrary to the provisions of the contract. After the deed was delivered the proof is that appellant on at least twelve different occasions promised appellee to pay this interest. It was for the one year during which appellant had the use of the farm without any written contract entitling him thereto. The use of the farm would furnish a sufficient consideration for these subsequent promises to pay the interest. While proof of the verbal promise made before the contract was signed might not have been admissible by itself alone, yet it was admissible as explaining what was meant by the numerous promises to pay the interest made after the deed had been delivered. The objections of appellant to this verbal testimony were therefore properly overruled.

We are disposed to hold that this just verdict may also be sustained on the ground that the verbal ar-

rangement, whether as appellee contends or as appellant contends, was outside of the subject-matter of the contract and therefore could be proved by parol. The written contract related only to a payment to be made and a deed to be delivered on March 1, 1907. The verbal arrangement, had before the contract was signed, related to the question what should be done if the money could not be obtained by March 1, 1907. The parties testify that the attorney drawing the contract said it was unnecessary that these matters should go into the writing. Appellee and appellant agree in their testimony that there was a verbal arrangement which was omitted from the written contract, under the suggestion of the attorney, and therefore agree that the written contract was not a full statement of all that they had agreed upon. They differ entirely as to what the verbal agreement was. While it is usually the rule, where there is a written contract executed by the parties, that the writing contains the whole engagement of the parties, yet this is subject to the qualification that "a separate parol agreement as to any matter not inconsistent with the terms or legal effect of the written agreement, and on which it is silent, may be shown, where it appears that the written instrument was not intended to be a complete and final statement of the whole transaction between the parties." *Fuchs & Lang Mfg. Co. v. Kittredge & Co.,* 242 Ill. 88.

It is argued that the court erred in permitting appellee to testify what was meant by carrying the consideration one year at five per cent., but the answer he gave was what the court and jury must have understood from the other evidence. After the deed had been delivered, appellant sold appellee a lot of steers for $2,500 and appellee paid in full therefor. It is argued that if this interest had been due him he would have deducted it then. Appellee explains this by testifying that appellant at that time told him that he

needed the money and so he paid cash for the steers. Appellee requested no instructions. The court gave certain instructions at the request of appellant and refused three instructions which he requested. They did not take into consideration the proof of numerous promises to pay this interest made after the deed had been delivered, and therefore they were properly refused.

The judgment is affirmed.

*Affirmed.*