## Morris Offenberg, trading as Dr. M. Offenberg's Laboratory, Appellee, v. Arrow Distilleries Company, Appellant.

### Gen. No. 6,938.

1. SALES—*admissibility of conversations to show oral warranty.* Where a purchase of a secret preparation intended to dissolve the essential oils of fruit juices was made from the manufacturer upon his express oral warranty that the preparation would dissolve the essential oils in fruit juices, and it failed to do so, it was error to exclude testimony as to conversations between plaintiff and defendant's president prior to the execution of the order in question, showing the circumstances under which such order was given, where all the circumstances in the case disclosed that the preparation was not purchased as an article sold merely under a trade name.

2. SALES—*oral warranty admissible when written order did not purport to express entire contract.* The rule that an oral warranty cannot be shown when the effect would be to vary the terms of a written contract had no application where the written order in question did not purport to express the entire agreement between the parties, as it was only evidentiary of the quantity purchased, the price, time of delivery and discount, and was not intended to be inclusive of the question of warranty, the territory to be assigned, nor the purpose of such assignment.

3. APPEAL AND ERROR—*when court may examine record as to rulings on admissibility of evidence.* In cases of trials without a jury, where exceptions are preserved to the rendition of judgment, the Appellate Court, after proper assignment of error has been made, may examine the record to ascertain whether the trial court has ruled properly as to the admissibility of evidence.

Appeal from the Circuit Court of Peoria county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded. Opinion filed November 2, 1921.

O'HERN & O'HERN, for appellant.

COVEY, CAMPBELL & COVEY, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Appellee recovered a judgment against appellant in the court below for $890.68 and costs. The cause was tried by the court without a jury.

In 1918, appellee, Morris Offenberg, who was doing business in Atlantic City, New Jersey, under the name of Dr. M. Offenberg's Laboratory, was engaged in the manufacture of a secret preparation known as Multiplexine, intended to dissolve the essential oils of fruit juices. The appellant, a distillery company of Peoria, is engaged in the manufacture of certain soft drinks known as cordials, containing juices of fruits. In the manufacture of the drinks it is necessary to dissolve the essential oils of the fruit juices. This has been done by the use of alcohol. Appellee's preparation, Multiplexine, was intended as a substitute for the alcoholic process.

In March, 1918, appellant gave a trial order for one pound of Multiplexine to appellee. Later on April 1, 1918, it gave another order for three pounds; on May 29, twenty pounds; August 12, twenty-five pounds and on August 30, fifteen pounds. All of these goods were received and paid for by the appellant who claims that it did not use any of the Multiplexine for a period of three months after the date of the first order. On August 29, 1918, Morris Offenberg visited the appellant's place of business in Peoria. After a considerable conversation between the parties the written order, hereinafter set out, for 200 pounds of assorted Multiplexine was given by appellant to appellee. Edwin Lehmann, president of the appellant company, testified that at the time and before giving the order of August 29, 1918, he stated to appellee the purpose

for which he was buying the Multiplexine and that if the appellee would guarantee the Multiplexine for that purpose the company would place a good-sized order with him; that appellee stated that he would guarantee that the Multiplexine would dissolve the essential oils of the fruit juices; that in pursuance of this guaranty the order in question was given; that thereafter it was all shipped and 150 pounds paid for. He further testified that about this time it was discovered the drinks which had been manufactured by the use of the Multiplexine contained a flaky substance and when shaken disclosed a sediment showing that the essential oils had not been dissolved; that this condition of the drinks rendered them worthless and that thousands of cases were returned to the appellant in consequence thereof.

The appellee declared on the common counts. On the trial of the cause he objected to the admissibility of the testimony of Lehmann as to conversations which were had prior to the execution of the order in question and the court heard the testimony subject to the objection. At no time during the trial did the court rule on such objection, but it is apparent from the fact that the court entered judgment in the case in favor of the appellee for $890.68 that it excluded such evidence from its consideration.

Appellant claims that such testimony was properly admissible; that inasmuch as the Multiplexine was purchased from the manufacturer with the express understanding that it would dissolve the essential oils of the fruit juices there was a warranty that it would do so; that when it failed to dissolve such oils there was a breach of warranty which could be set up as a defense to appellee's suit for the purchase price of the Multiplexine. On the other hand, appellee contends that the written order constitutes a contract into which all conversations and negotiations were merged; that it contains no express warranty of the quality of the

Multiplexine; that an express warranty, if any was made, cannot be shown by parol; that the Multiplexine was sold under a trade name, that such being the case, the law does not imply a warranty on the part of the vendor that the goods sold are reasonably fit and proper for the use and purposes for which they were intended.

It is not denied that appellant purchased the Multiplexine on the representation of the appellee that it would perform all the service in the dissolution of oils which the alcoholic process performed. Neither is it denied that when used under the directions of appellee it failed to perform such service nor that as a result of such failure the appellant was greatly damaged in his business. Under such a situation we believe the appellant should have the right to show under what circumstances the order was given. All the circumstances of the case disclose that the Multiplexine was not purchased as an article sold merely under a trade name. It was a new product so far as appellant was concerned. Appellant had had little experience with it and had not used it long enough to know whether it would be successful in the manufacture of appellant's products or not. The purchase was made from the manufacturer upon his express warranty that Multiplexine would dissolve the essential oils in fruit juices. This it failed to do.

But it is insisted that the evidence which was offered for the purpose of showing an oral warranty was inadmissible and therefore it should not have been considered by the trial court because the effect of the admission of such evidence would be to vary the terms of the so-called written contract between the parties. This rule might be applicable in this case if the written order for the goods purported to express the entire agreement between the parties, but if it does not purport to express the entire agreement between the

parties, then the rule against admission of parol evidence cannot be applied.

The written order given by appellant to appellee is in the following words and figures:

"Peoria, Ill., Aug. 29, 1918.

"Dr. M. Offenberg's Laboratory.

"Sold to the Arrow Distilleries Co.:

200 pounds Assorted Multiplexine, $22 per pound. 50 pounds to be shipped at once, balance to be taken in three months as wanted. Discount of $5 per pound to be deducted from each pound when invoice is paid. Dr. M. Offenberg's Laboratory agrees to give the Arrow Distilleries Co. a certain amount of territory in the State of Illinois, which will be designated by them.

Arrow Dist. Co.

J. Marcus."

There is much authority to the effect that such an instrument as the one above set forth is not such a formal contract as will merge all previous oral agreements or warranties between the parties and exclude oral testimony, tending to establish a collateral agreement not included in the order signed by one party and accepted by the other. *Leavitt v. Fiberloid Co.,* 196 Mass. 440; *Harris v. Marsh,* 217 Fed. 555. Evidence of a parol contemporaneous agreement connected with a sale of personalty is admissible, although the sale is evidenced by a written instrument, provided such agreement does not tend to vary or contradict the terms of the writing itself. And it is proper to admit evidence to show that there was an oral warranty with respect to the articles sold. 22 Corpus Juris, p. 1257, sec. 1677.

It is quite clear that the order in this case was not intended to express the entire agreement between the parties. An inspection of the instrument itself will disclose that the agreement to give the appellant a certain amount of territory in Illinois is both uncertain and ambiguous, not only as to the extent of the territory to be granted but as to the purpose for which

it was to be given.   Whether this territory was to be given to the appellant, in which it might sell Multiplexine, or was given for some other purpose cannot be determined from an inspection of the instrument.

This court has held in *Gault v. Hunt,* 183 Ill. App. 77, that while it is usually the rule, where there is a written contract executed by the parties, that the writing contains the whole engagement of the parties, yet this is subject to the qualification that a separate parol agreement as to any matter not consistent with the terms or legal effect of the written instrument, and on which it is silent, may be shown, if it appears that the written instrument was not intended to be a complete and final settlement of the whole transaction between the parties.   To the same effect is *Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co.,* 242 Ill. 88; *Ruff v. Jarrett,* 94 Ill. 475, and *Platt v. Ætna Ins. Co.,* 153 Ill. 113.   The text in 22 Corpus Juris, sec. 1714, is authority for the proposition that where the writing is such that it does not embody the contract between the parties to the controversy in which it is introduced in evidence, such contract resting in parol, the rule excluding evidence to vary a written instrument does not of course apply, and the true contract may be shown.

We are of the opinion that the written order which was given for the Multiplexine should not be construed as a contract covering all of the terms of the agreement of purchase, but was only evidentiary of the amount of Multiplexine purchased, the price to be paid for it, the time when it would be delivered and the discount to be allowed.   It was not intended by the parties to be inclusive of the questions of warranty, the territory to be assigned to the appellant, nor the purpose of such assignment.

Appellee contends that inasmuch as no propositions of law were offered by appellant no questions of law can now be raised, as to the construction of the so-called contract.   Appellant did not seek a construc-

tion of the contract. Its endeavor was to show what the contract really was. The trial court accepted the view of appellee that the oral evidence offered as to the warranty was inadmissible, and appellee admits that the court disregarded such evidence and that the judgment of the court was the result of its belief that such evidence was inadmissible and incompetent.

In cases of trials before the court without a jury where exceptions are preserved to the rendition of the judgment, the Appellate Court, after proper assignments of error have been made, may examine the record to ascertain whether the trial court has ruled properly on the question of the admissibility of evidence. *City of Alton v. Foster,* 207 Ill. 150.

For the reasons herein stated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*