JOHN MULREY & another *vs.* THE EMPLOYERS' FIRE INSUR-
ANCE COMPANY.

SAME *vs.* THE BRITISH AMERICA ASSURANCE COMPANY.

Suffolk.    November 10, 1942. — December 29, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Insurance,* Fire:   reference.   *Arbitrament and Award.*

A verdict for the defendant rightly was ordered in an action on a fire
insurance policy in the Massachusetts standard form where the plain-
tiff's sole contention was alleged invalidity of an award which purported
to have been made by referees and the amount of which had been
tendered to and refused by the plaintiff, but there was no evidence of
such invalidity.

TWO ACTIONS OF CONTRACT.   Writs in the Superior Court
dated October 25, 1938.

The actions were originally by John Mulrey and Helen
Mulrey; after her death the administrator of her estate was
substituted for her.

The actions were tried together before *Good,* J.   The
plaintiffs' bill of exceptions recited that "upon motions of
the defendants" the judge ordered a verdict for the defend-
ant in each case; that the judge "ruled" that the plaintiffs
were not entitled to recover; and that "the correctness of
this ruling is the sole question raised" by the bill of excep-
tions.

*P. A. Chapman,* for the plaintiffs.

*K. C. Parker,* for the defendants.

Cox, J.   The consolidated bill of exceptions states that
there was evidence that a building owned by the "plain-
tiffs" and insured against fire in the defendant companies,
by Massachusetts standard form policies, was partially
destroyed by fire while the policies were in full force and
effect, and that thereafter, the parties failing to agree as to
the amount of the loss, there was a reference to "three men
chosen in accordance with provisions of the statute."   The

"referees thus chosen, after conducting hearings, made an award signed by a majority . . . only." Checks in the amount of the award were sent by the defendants to the plaintiffs, who returned them uncashed. "The plaintiffs at the trial took the position that the reference was invalid and the award not binding upon them." This "position" is asserted in the declarations, where it is alleged, among other things, that two of the referees were interested and prejudiced in favor of the defendants, and that the award was arrived at from improper motives. In each action the plaintiffs seek to recover the full amount of their loss, "regardless of the said award," on the ground that the award is not binding.

There is nothing in the bill of exceptions to support the allegations of the declarations that the award was invalid. All that appears is that an award was made and that the plaintiffs at the trial contended that it was invalid.

On this record the award was "conclusive and final upon the parties as to the amount of loss or damage." G. L. (Ter. Ed.) c. 175, § 99. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 315. *Eaton* v. *Globe & Rutgers Fire Ins. Co.* 227 Mass. 354, was an action to recover for loss and damage caused by fire. An award was made which the plaintiff declined to accept. It was held that the jury were correctly instructed that if they found the award to be valid, the plaintiff could not recover. (Page 366.)

The trial judge ruled that the plaintiffs were not entitled to recover. See Rule 71 of the Superior Court (1932); *Field* v. *Hamm*, 254 Mass. 268, 271. The bill of exceptions does not disclose that the plaintiffs excepted to this ruling, but if it be assumed that they did, we are of opinion that there was no error, and that a verdict for the defendant in each case was rightly ordered.

*Exceptions overruled.*