MARY ADA FOX *vs.* THE EMPLOYERS' FIRE INSURANCE COMPANY & others.

Middlesex.   April 8, 1953. — June 2, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Insurance*, Fire insurance: reference, amount of loss. *Arbitration*. *Evidence*, Competency, Extrinsic affecting writing. *Practice, Civil*, Entry of judgment.

Under a reference pursuant to a fire insurance policy in the Massachusetts standard form, including coverage against lightning but not against windstorm, upon property damaged in a storm, it was the duty of the referees to confine their determination to the amount of what they thought was the loss or damage due to hazards covered by the policy and not to ascertain the amount of the entire loss or damage whether or not due to hazards so covered. [287–288]

There was no merit in a contention by the insured under a fire insurance policy in the Massachusetts standard form, including coverage against lightning but not against windstorm, that the language of an award by

referees appointed to determine the amount of damage sustained by the insured property in a storm showed that the referees had improperly undertaken to determine "contractual liability under" the policy rather than the amount of damage "for specific cause." [289]

In an action on a fire insurance policy in the Massachusetts standard form, a statement in a letter from an adjuster of the insurer to the insured could not be received in evidence to vary or control a written award by referees. [289–290]

In view of evidence before referees respecting the cause of damage to insured property in a storm as between lightning, a hazard covered by the insurance policy, and windstorm, a hazard not covered by the policy, an award of $317 as the amount of loss or damage due to lightning could not be said to be invalid as grossly inadequate although a jury subsequently made a finding, on evidence warranting it, that the amount of loss or damage due to lightning was $3,825. [290]

In an action upon a fire insurance policy in the Massachusetts standard form, where the declaration alleged that an award by referees respecting the amount of loss or damage was invalid and that the plaintiff had offered and the defendant refused resubmission on a new reference, and, although the evidence did not support the allegation of invalidity of the award, the jury were permitted to find that it was invalid and to find for the plaintiff in a sum much larger than the amount of the award, this court, in sustaining exceptions of the defendant, held that judgment should not be entered for the defendant but that the plaintiff should have leave to amend the declaration by adding a count based on validity of the award. [291]

CONTRACT. Writ in the Superior Court dated November 24, 1947.

The action was tried before *Dowd*, J. There was a verdict for the plaintiff on each count of the declaration for a proportionate part of the amount of loss or damage specially found by the jury, and interest. The defendants alleged exceptions.

*Roger B. Coulter,* (*Philander S. Ratzkoff* with him,) for the defendant The Employers' Fire Insurance Company.

*Charles W. O'Brien,* for the defendants General Insurance Company of America and another.

*Richard C. Sheppard,* for the plaintiff.

WILKINS, J. This action of contract on three policies of fire insurance in the Massachusetts standard form seeks to recover for direct loss or damage caused by lightning to the plaintiff's garage on June 8, 1946. The declaration is in three counts, one on each of the policies and against

each of the defendants. Each count alleges that the amount of the loss or damage was referred to three disinterested men in accordance with the provisions of the policy; that the referees returned an award; that the award should be set aside on the ground that the referees were biased and prejudiced and exceeded their jurisdiction; and that the plaintiff notified the defendant that the award was invalid and offered to resubmit the matter to a new reference, but that the defendant insisted upon the validity of the award and refused to submit to a new reference. Each answer contains a general denial and sets up that the award is final and conclusive upon the parties as to the amount of the loss and damage.

The policies contain by indorsement lightning and electrical apparatus clause A which covers "direct loss or damage . . . caused by lightning . . . whether fire ensues or not" but expressly excludes "loss or damage caused by . . . windstorm."

The policies also provide: "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss." G. L. (Ter. Ed.) c. 175, § 99, as amended.

The referees' award was unanimous and read: "We the undersigned referees duly appointed to determine the amount of damage caused by storm of June 8, 1946, to the property owned by Mary Ada Fox, 24 Corey Street, Everett, Massachusetts, insured under the following policies . . . hereby certify that after due notice to the parties interested and after hearing them and after careful consideration of the matters entrusted to us as referees, have determined the

amount of loss and damage under said policies to be $317 and the value of the building to be $25,000."

At the hearing before the referees there was evidence which tended to show that the damage was caused by lightning, and there was evidence tending to show that it was caused by windstorm. At the trial there was evidence from which the jury would have been warranted in finding that the building was struck by lightning and. sustained direct loss or damage caused by lightning to the extent of $3,825. In response to special questions the jury answered that the award was not valid; and that the amount of direct loss or damage caused by lightning was $3,825.

The plaintiff makes no present claim that the referees were biased but takes the position that the award was invalid. On the issue of validity, as stated in her brief, "the plaintiff's principal contention was that the referees acted in excess of their authority and took it upon themselves to determine the question of the liability of the insurers, in violation of the terms of the reference and the law applicable thereto."

The evidence upon which this contention is now based is the following. The plaintiff's husband testified that at one of the hearings he heard Norman V. Crane, the third referee, say that he had a right to consider liability. Crane himself testified that at the suggestion of the other referees he obtained a written opinion from an attorney as to the meaning of "direct damage by lightning." The opinion stated in part: "Facts: — During the course of a severe thunder and wind storm, lightning struck the roof of the assured's building making a hole therein. The wind which accompanied the storm entered through the hole in the roof and blew off the entire roof. . . . It is my opinion that the assured can recover for so much of the damage as resulted from the impact of lightning and cannot recover for so much of the damage as resulted from the effects of the wind." Crane also testified that he gave copies of the opinion to the other referees and discussed it with them, and that they took it into consideration before making the award.

John B. Carey, the referee on the list submitted by the plaintiff, testified that at practically every meeting he heard discussion between Crane and the plaintiff's attorney wherein the word "liability" was used by Crane; that the plaintiff's attorney told Crane that the referees had no right to determine anything at all about liability; and that Crane said that the referees were to determine what the loss would be and wherein the companies would be liable.

The statutory provision for reference in the Massachusetts standard policy has been in its present form since St. 1887, c. 214, § 60. Its purpose is to provide a "summary method of establishing the amount of the loss." *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, 430. See *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 525. It should be given a reasonable interpretation to carry out that purpose. *Johnson's Case*, 318 Mass. 741, 746. In general, an award must comply in substance and in form with the submission agreement. *Baldwin* v. *Moses*, 319 Mass. 401, 402. Appleman, Insurance Law & Practice, § 3946. Vance, Insurance (3d ed.) § 155. 45 C. J. S., Insurance, § 1125. So here, where, as stated in the bill of exceptions, "the amount of loss or damage was referred to three disinterested men in accordance with the provisions of the policy," it is the amount of the loss or damage under the policy which the referees must determine. It is not the amount of loss or damage whether covered by the policy or not. No practical good would be accomplished by the method for which the plaintiff contends and which was adopted in rulings at the trial. The parties would not be given what they bargained for in the contract of insurance. The summary determination of the amount of loss intended by the statute would be utterly defeated and confusion provided in its stead.

In order intelligently to determine the amount of loss or damage under a given policy, as an incidental step in their deliberations, the referees must reach their own conclusions as to what they think that loss or damage is. Such conclusions must necessarily be affected by what they think

the coverage is. Their views so far as ultimate liability goes are wholly tentative and in no sense a decision on that underlying question. *Itasca Paper Co.* v. *Niagara Fire Ins. Co.* 175 Minn. 73, 79. *Harrington* v. *Agricultural Ins. Co.* 179 Minn. 510, 512. *Ciresi* v. *Globe & Rutgers Fire Ins. Co.* 187 Minn. 145, 148. In the case at bar it would have been beyond the scope of the reference for the referees to include in their award the amount of loss or damage due to windstorm. A form of extended coverage would have been necessary to embrace that; yet the contention of the plaintiff would lead to the same award irrespective of the plaintiff's omission to carry extended coverage.

The plaintiff relies upon *F. & M. Skirt Co. Inc.* v. *Rhode Island Ins. Co.* 316 Mass. 314, a case where referees under the Massachusetts standard form of policy determined that no loss had been sustained through chemical changes in the insured's dresses allegedly by smoke. In rejecting contentions that the insurer was estopped to deny that a loss had been sustained and that an award determining that no loss had been sustained was not within the scope of the reference, we said: "We think that this construction of the policy is not sound. Obviously the referees would not have the right under such a reference to determine whether a loss, if sustained, was covered by the policy or whether the policy had ever taken effect; in other words, to decide questions pertaining to liability.[1] But the right to determine 'the amount of loss' carries with it by necessary implication the right to determine that none existed. It is true that ; . . . the policy . . . uses the expression 'In case of loss under this policy and a failure of the parties to agree as to the amount of loss' . . . . But we think this means that if the insured claims a loss and the insurer disputes it either in whole or in part and the basis of the dispute has to do with the amount of loss or the fact of loss and no question of liability is involved, the case is a proper one for arbitration" (pages 316–317). It is obvious that in the quoted language this court

---

[1] This sentence was incorporated in the judge's charge.

was referring to ultimate liability and was not undertaking to speak with regard to the precise question now before us. It is one thing to impeach an award for error of law and quite another to assert that referees exceeded their authority in confining their award to the loss or damage covered by the policy. We do not understand that it is contended that the referees in the case at bar were in error in their construction of the policies. See *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 522–523; *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 315. Indeed the judge charged the jury without objection: "The provisions of the policies are that the companies are liable only for loss due directly to lightning. That doesn't mean from any other cause acting in conjunction with lightning. That means by lightning alone. If there was wind and rain there, there can be no recovery for wind and rain under that provision."

The plaintiff points to the language of the award. She argues that the expression "appointed to determine the amount of damage caused by storm" shows that the referees violated the terms of the reference and took it upon themselves to apportion the damages in accordance with their opinion of liability under the policies. But the phrase just quoted is followed by other words which show that it is "damage caused by storm . . . to the property . . . [of the plaintiff] insured under" the policies in suit. To us this means only the damage covered by insurance and not the entire havoc of the storm whether covered by insurance or not. We are unable to accept the contention that the concluding phrase of the award, "have determined the amount of loss and damage under said policies to be $317," points to a "determination of contractual liability under the policies rather than a finding of the amount of damages for specific cause."

The letter of October 15, 1947, to the plaintiff from an adjuster of the defendant Firemen's Insurance Company of Newark, New Jersey, stating in part that "the liability on the above loss has been determined in accordance with the

policy," wholly apart from the question of authority to bind that defendant, could not be received to vary or control the written award. See *Evans* v. *Clapp*, 123 Mass. 165, 169–170.

From what we have said it follows that the judge on the evidence should not have left it to the jury to find that the award was invalid. Certain requests of the defendants which were denied should have been granted,[1] and certain parts of the charge [2] were in error. These exceptions of the defendants must be sustained.

There is no merit in the plaintiff's contention that the "great disparity" between the award of $317 and the verdict of $3,825 militates against the validity of the award. See *Second Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 523–524. There was, to be sure, evidence warranting a verdict in the latter amount, but there was also evidence before the referees tending to show that the entire damage was due to windstorm. To say the least, it does not appear that the award was "grossly and palpably below the actual loss" caused by lightning, or that there was no room for an honest difference of opinion as to what part of the total damage was due to that cause.

The defendants excepted to the denial of their motions for directed verdicts. Under a fire insurance policy in the Massachusetts standard form a plaintiff's cause of action is on the policy itself and not on the award, which if valid is simply the evidence, albeit conclusive, as to the damage or loss. *Soars* v. *Home Ins. Co.* 140 Mass. 343, 345. *Second*

---

[1] Among these requests are the following: "2. There is no evidence that the referees or any of them acted in a manner to void the award under the reference. 3. On its face, the award is a legal award. 4. It was the duty of the referees to find the amount of the damage sustained by the plaintiff by reasons of the hazards insured against by the respective policies." "7. The referees would have acted improperly had they included as an element of damage suffered by the insured any loss by reason of hazards other than those insured against."

[2] We refer to such statements as these: "They [the referees] have the duty to fix the loss; the total loss, not the partial loss, not the loss caused by any particular cause, but the loss caused by all causes." "It wasn't their duty to determine, under this reference, whether lightning caused this damage, or wind or rain. Their duty was to report the loss, and leave to the court its proper function to pass upon liability."

*Society of Universalists in Boston* v. *Royal Ins. Co. Ltd.* 221
Mass. 518, 528. The defendants rely upon *Mulrey* v. *Employers' Fire Ins. Co.* 312 Mass. 609, where in actions upon
policies in the Massachusetts standard form allegations in
the declarations that the reference and the award were invalid were not supported by the evidence, and it was held
that verdicts were properly directed for the defendants.
The original papers in that case show that the judge based
his ruling upon the ground that there had been no offer by
the plaintiffs to resubmit to arbitration and the defendants
had not waived further reference, and that only a narrow
question was presented. See *Second Society of Universalists
in Boston* v. *Royal Ins. Co. Ltd.* 221 Mass. 518, 527–528.
Whatever may be the true ground of the *Mulrey* case, we
are not disposed to enter judgments for the defendants in
the case at bar. The plaintiff might lose the amount of the
valid award if not allowed to recover in this action. Leave
is accorded to the plaintiff, within thirty days, if so advised,
to amend her declaration by adding counts based upon the
award as valid, with leave to the defendants to amend their
answers so as to offset any sums that may be due to them for
moneys paid out for the account of the plaintiff for the cost
of the reference.

*Exceptions sustained.*