van Gestel, J.
The plaintiffs move for an order pursuant to Count II of their complaint to enforce a determination by referees under G.L.c. 175, Sec. 99, of the amount of insured losses sustained by them. The defendant Seaco Insurance Company (“Seaco”) *510 opposes the motion on the grounds that the parties have agreed on the amount of the losses, even though they disagree as to whether the losses are actually covered.
Here, unlike in Piper Cafe, Inc. v. Commercial Union Ins. Co, 27 Mass.App.Ct. 317 (1989), cited by Seaco, the agreement as to the amount of the losses is found in Seaco's answer to the complaint and therefore, to that extent, is both binding and in a written form. Thus, Seaco argues, the triggering mechanism for a reference — a failure of the parties to agree as to the amount of the loss — does not exist.
The plaintiffs point to Augenstein v. Insurance Co. of North America, 372 Mass. 30 (1977), where Justice Kaplan, referring back to Fox v. Employers’ Fire Ins. Co., 330 Mass. 283, 289 (1953), said: “We said [in Fox] it was the referees’ duty to decide the amount of the loss ‘under the policy,’ not the amount of the loss ‘whether covered by the policy of not.’ ” Id. at 36. The plaintiffs argue, therefore, that they are entitled in this case to have the matter sent to referees for a determination of the amount of the losses under the policy, not just the total amount of the losses occurred by the event, with any decision caused by coverage considerations left for the Court.
The plaintiffs’ position — being as it is the opposite of that of the insured that was rejected in Augenstein, id. at 36 — has surficial appeal; but Seaco contends that it overlooks two things. First, Justice Kaplan in Augenstein observed that the SJC “rejected the insured’s approach [in Fox] which would have led to a repetitious or fragmented procedure out of keeping with the pragmatic purpose of the reference clause.” Id. Second, by the plain.language of G.L.c. 175, Sec. 99, it is only when the parties fail “to agree as to the amount of loss” that the referees’ action is compelled.
This Court is not the first to struggle with the correct application of c. 175, Sec. 99, as readings of Augenstein and Piper Cafe will reveal. Section 99 begins with the words ”[i]n case of loss under this policy.” (Emphasis added.) Later in the same sentence it speaks of agreeing to “the amount of loss,” without any qualifying “under this policy” language. To this Court, however, the qualification must be assumed; and the determination of “the amount of such loss” (emphasis again added), must be of a loss under the policy.
While this Court’s interpretation of the statutory language may result in a “repetitious or fragmented procedure out of keeping with the pragmatic purpose of the reference clause,” there seems no way to do otherwise and remain obedient to the teachings of the SJC and the Appeals Court on this issue.

ORDER

For the reasons set forth above, the plaintiffs’ motion is ALLOWED and the parties are directed to proceed with the reference directed by G.L.c. 175, Sec. 99.